## FOX et al. v. HOUSE et al. (UNITED STATES, Intervener).

### No. 49.

District Court, E. D. Oklahoma.
Oct. 13, 1939.

Milam M. King, of Checotah, Okl., and Harry B. Parris, of Eufaula, Okl., for plaintiffs.

Gotwals, Killey & Gibson, of Muskogee, Okl., for defendants.

C. A. Summers, U. S. Dist. Atty., and Charles N. Champion, Asst. U. S. Dist. Atty., both of Muskogee, Okl., for the United States.

RICE, District Judge.

This is a suit begun by the plaintiffs as heirs at law of Eastman Richard, deceased,

for an accounting. It was begun in the District Court of Muskogee County, State of Oklahoma, against the defendant H. G. House. Notice of the suit was served upon the Superintendent for the Five Civilized Tribes as provided in the Act of Congress approved April 12, 1926, 44 Stat. 239. Upon request of the Secretary of the Interior it was removed by the intervener, United States of America, to this court. A bill of intervention was filed by the United States of America. After the filing of the bill of intervention the plaintiffs and the intervener gave notice to the defendants and their attorneys that on a certain date they would take depositions of the president, cashier and certain other officers, agents and employees of the First National Bank & Trust Company of Muskogee, Oklahoma. This notice having been given prior to the filing of an answer application was made to the court for permission to take the depositions as required by Rule 26(a) Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. After the application to take the depositions was made, and before a hearing thereon, the plaintiffs and intervener, under the provisions of Rule 45(d) (1), made application to the court for a subpoena duces tecum directed to the First National Bank & Trust Company, a corporation, and such of its officers, agents and employees as are designated therein, requiring the production and inspection of certain documents as follows:

"To produce and to permit plaintiffs and their attorney, and intervener, by its officers and agents, to inspect and to copy each and any of the following documents, insofar as they relate to and are connected with and grow out of the business and fiduciary association and relationship between H. G. House and Eastman Richard and the estate of said Eastman Richard, deceased:

"(a) The individual ledger accounts of H. G. House, personal account, H. G. House, Agency Account, H. G. House, Agent for Eastman Richard, and H. G. House in any other title or capacity; and of Eastman Richard, and the Estate of Eastman Richard, deceased, covering the period from June 1924 to the present date:

"(b) The deposit tickets for the above accounts for the same period:

"(c) The cash letters for the same period reflecting the transmittal to corres-pondent bank and clearing houses of any and all checks deposited to the above accounts:

"(d) And any and all records and correspondence relating to said accounts."

Thereafter the defendants filed what is designated "Motion for an order for the protection of parties and deponents." One part of this motion might properly be designated as applying for an order protecting the parties and deponents. The remainder of the motion might more properly be designated an objection to the granting of the order. The defendants advance two major objections to the taking of the depositions and issuance of the order for subpoena duces tecum, (1) that this court is without jurisdiction to hear and determine this action; (2) that this being an accounting action the depositions should not be taken nor the order for subpoena duces tecum issued prior to a determination of the right of the plaintiffs to an accounting.

The taking of the depositions and action upon the motion for order to issue subpoena duces tecum were withheld by the court until a decision on the question of jurisdiction, it being the view of the court that the Rules of Civil Procedure do not contemplate the taking of depositions for discovery purposes in a pending action until the court's jurisdiction is determined. The intervener thereafter filed an amended bill of intervention and the court has since decided that it has jurisdiction to hear and determine this cause. This disposes of the first major objection of the defendants. In the meantime the defendants have filed an answer and the case is at issue.

There remains for disposition the second major objection of the defendants, to-wit: that the order for the subpoena duces tecum should not issue and the depositions should not be taken prior to a determination by the court that the plaintiffs are entitled to an accounting. Insofar as the taking of the depositions is concerned, an answer having been filed, it is no longer necessary for plaintiffs and intervener to have an order of court authorizing the taking of depositions. But an order of court is necessary for the subpoena duces tecum sought by the plaintiffs and intervener. Rule 45(d) (1). It appears that the information sought by means of the subpoena duces tecum is a very material part of the information sought by the dep-

ositions, and for that reason the ruling on the motion is important.

In construing Rule 45(d) (1) due consideration should be given to Rules 26, 30 and 34. It must be remembered that the rules under consideration are comparatively new in Federal Procedure. If we think in terms of prior procedure the contention of the defendant has much merit. But if we start with the proposition that these rules were enacted for the purpose of simplifying procedure and getting rid of technicalities; that it is their purpose to provide a just, speedy and inexpensive determination of a law suit, we must come to the conclusion that the rules providing for the taking of depositions for discovery purposes should not be restricted at their inception by orders of court attempting to prescribe and define the activities of parties in their proper use. The underlying purpose of the rules was expressed by Chief Justice Hughes speaking before the Annual Meeting of the American Law Institute, prior to their adoption, when he said: "It is manifest that the goal we seek is a simplified practice which will strip procedure of unnecessary forms, technicalities and distinctions, and permit the advance of causes to the decision of their merits with a minimum of procedural encumbrances." See Laverett v. Continental Briar Pipe Co., Inc., D.C.N.Y., 25 F.Supp. 80. The courts have been practically unanimous in attempting to achieve this purpose in interpreting the rules.

The objection now under consideration does not go to the right of plaintiffs and intervener to take the deposition or to inspect and copy the documentary evidence sought by the subpoena duces tecum. It merely seeks to delay the taking of the deposition and inspection of the documentary evidence until the court has first heard the evidence on the question of the right of plaintiffs to an accounting and has determined that the plaintiffs are entitled to an accounting. The court is not able to say at this time that the information and evidence sought is not such as plaintiffs and intervener are entitled to to enable them to prepare for trial upon the issue of a right to an accounting. One of the purposes of the rules of discovery is to enable any party to obtain information, as well as evidence, that will aid in preparation for trial. Preparation for trial means preparation on all phases of the case. If there is to be a *speedy* disposition of the case this preparation should begin in the early stages and should not be by piecemeal. Although in an accounting action the court must first determine that plaintiffs are entitled to an accounting there is no reason why the proceedings should stop to enable the parties to prepare for the actual accounting. Neither is there any good reason why a plaintiff should be deprived of otherwise available information on the accounting feature until the right has been established. He should be permitted to ascertain if an accounting would be worth while. It would avail him but little to establish his right and then discover that his work and victory has no reward. The work of the court would be wasted if after the right to an accounting has been decreed, the plaintiff discovered that the actual accounting would be fruitless and would then ask to dismiss the proceeding or permit it to go by default. The parties should be permitted to proceed in their own way under proper limitations to prepare for trial upon all the issues in the case. Under the rules they are entitled to proceed as soon as jurisdiction has been obtained over any defendant or over property which is the subject of the action. Rule 26(a). Of course this procedure has its limitations but until such time as it is apparent that the purpose is unreasonably to annoy, embarrass or oppress the deponent or a party to the action and that the proceeding is in bad faith a liberal interpretation of the rules requires that the court refrain from attempting to limit the parties.

The First National Bank & Trust Company has joined the defendant House in this motion and one objection is that the issuance of the subpoena duces tecum will impose a hardship upon said bank and will be oppressive for the following reasons: "The period of time mentioned therein is approximately fifteen years, during which time many hundreds of deposit tickets in the various accounts were filed with said bank; that all of the records for the years in question, save and except those that are current, have been placed in storage; that the storage has been moved several times and that it would require many weeks work on the part of one or more of the experienced employees of the bank to secure the deposit tickets called for in the subpoena; that it is impracticable to make use of any person other than an experienced employee for such purpose; that the bank is prohibited by law from permitting any

employee to work more than the number of hours prescribed by the present Wage and Hour law, and that to secure such information it would be necessary to take from its working force one or more experienced employee and to hire other and additional help for the purpose of taking the place of the one so selected; that in the event the order for the issuance of such subpoena is made, proper provision should be made for the reimbursement of the expense occasioned to such bank by reason thereof."

Rule 45(b) provides that upon motion the court may quash a subpoena issued by the Clerk for the reasons that it is unreasonable and oppressive or may condition denial of the motion upon the advancement by the person in whose behalf the subpoena is issued of the reasonable cost of producing the books, papers, or documents. It is the court's opinion that the same conditions are applicable to a subpoena duces tecum sought under the provisions of Rule 45(d) (1).

No issue has been taken by the plaintiffs and the intervener as to the work and time required by someone in the employ of the bank in searching out and producing those instruments and papers designated in the subpoena. The bank is not a party to this action. It is merely the custodian of certain papers and documents sought by the plaintiffs and intervener. A compliance with the order of the court, under the showing made by the bank, would require employment of additional help or seriously interrupt its regular employees in the performance of their duties.

The order will issue only on the condition that the plaintiffs or the intervener, or both, advance to the bank the reasonable cost for producing the papers, books and documents desired.

The bank has stated in its motion that certain letters requested are not in its possession. That they have been destroyed. The subpoena should not issue requiring the production of the documents which the bank does not have, for the obvious reason that it would be impossible for the bank to comply with the order.

It is the opinion of the court that the plaintiffs and intervener may proceed with the taking of these depositions at any time they desire, and that the order for the subpoena duces tecum issue upon condition and subject to the limitations set out in this opinion.