District Court of the United States for the District of Columbia.

Feb. 5, 1942.

### ULRICH et al. v. ETHYL GASOLINE CORPORATION.
### No. 193.

District Court, W. D. Kentucky, Louisville Division.

Feb. 5, 1942.

Fisher & Seidman, of Louisville, Ky., for plaintiffs.

James D. Carpenter, Jr., of Jersey City, N. J., and Crawford, Middleton, Milner & Seelbach, of Louisville, Ky., for defendant.

MILLER, District Judge.

At the pre-trial conference on November 5th, 1941, several questions were presented and discussed by counsel for the respective parties and the Court, for the purpose of having the Court indicate its views prior to the trial. The questions presented have been subsequently briefed by both parties. The views of the Court are as hereinafter indicated.

Plaintiffs requested a trial by jury but such request was not within the 10-day period provided by Rule 38(b), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. However, Rule 39(b) provides for a trial by jury in the Court's discretion notwithstanding the failure of a party to request it within the 10-day period. The Court feels that this case is one which should be heard by a jury and accordingly adheres to its ruling made at the pre-trial conference sustaining plaintiffs' motion.

The defendant contends that the decree entered in favor of the Government in its case against the defendant (see Ethyl Gasoline Corporation v. United States, 309 U.S. 436, 60 S.Ct. 618, 84 L.Ed. 852), is not admissible in this civil action as prima facie evidence against the defendant. The plaintiffs contend that it is so admissible by reasons of the provision of Section 16, Title 15 U.S.C.A. A previous ruling on this question which was adverse to the defend-

ant was based upon defendant's contention that the Section did not apply to consent decrees entered before any testimony had been taken. In the Government case the case was tried on stipulated facts, "agreed to solely for the purposes of this suit." The Court held that although the facts had been agreed to and not contested, yet the judgment was not a consent decree within the meaning of the proviso in Section 16. The defendant now relies upon an entirely different provision in Section 16, not referred to in the previous argument, which is to the effect that the judgment in the previous suit shall be prima facie evidence in any subsequent proceeding against the defendant "as to all matters respecting which said judgment or decree would be an estoppel as between the parties thereto." Defendant now contends that the decree in the Government's suit is not an estoppel as between the parties thereto because the facts were agreed to solely for the purposes of that suit. Upon reconsideration of this question in the light of the present argument the Court feels that the defendant's contention is well taken. The facts upon which the decree in the Government's suit was based were not adjudicated or proven, but on the contrary were assumed to exist for the purposes of that suit only. I believe it was permissible for the parties to limit the effect of such a stipulation and that such stipulation should not be carried any further than its express terms provide. That judgment was accordingly not an estoppel between the parties, which means that it is not admissible as prima facie evidence against the defendant in this action. The situation appears very analogous to those situations in which the Courts have held that a judgment rendered upon a plea of nolo contendere does not operate as an estoppel. Hudson v. United States, 272 U.S. 451, 47 S.Ct. 127, 71 L.Ed. 347; Twin Ports Oil Co. v. Pure Oil Co., D.C., 26 F.Supp. 366; Barnsdall Refining Corporation v. Birnamwood Oil Co., D.C., 32 F.Supp. 308.

■■■ The plaintiffs claim damages from October 19, 1936, up to the date of filing of the petition on August 5, 1940. The defendant contends that proof of damage should be limited to the period between June 30, 1938, when the plaintiffs' request for a license was refused and December 22, 1938, when they began to get a regular supply of Ethyl gasoline from the Kentucky Consumers Coil Company. I believe that the defendant's view on this question is much too narrow.

If the defendant is guilty of an unlawful monopoly the plaintiff could be damaged by reason thereof before he actually applied for a license. The refusal of his application was a confirmation of facts which may have existed for a considerable period of time prior thereto. Likewise the damage could continue through failure to immediately regain lost business for a period of time after the plaintiffs were in a position to acquire Ethyl gasoline. The refusal to limit the damages to the period of time contended for by the defendant does not, however, change the rule which prohibits the allowance of damages which are speculative or uncertain. The quality of the evidence in support of plaintiffs' claim will be considered with this rule in mind when offered at the trial.

■■ Plaintiffs contend that Section F of the subpoena duces tecum has not been complied with by the defendant. This directed the defendant to furnish the plaintiffs with the names and addresses of all jobbers in Kentucky to whom licenses had been issued since 1932. Defendant furnished a list of Kentucky jobbers with the year in which they were licensed but did not give the period during which the license was held by each respective jobber. Plaintiffs contend that in many instances the jobber was only licensed for a short period of time, and that licenses were often cancelled when the jobber changed his source of supply and handled an independent refiner's product. The defendant claims that furnishing the additional information would be a very laborious undertaking with considerable expense attached, and, accordingly objects to doing so. It also claims that the requested information is not relevant to the issue involved. I believe the requested information is relevant, but I also believe that the plaintiffs have misconceived the true purpose and effect of a subpoena duces tecum. Such a subpoena is authorized by Rule 45(b) of the Rules of Civil Procedure and commands the person to whom it is directed to produce the papers or documents designated therein. It does not require the witness to prepare papers for the adverse party or to compile information contained in the records referred to. It merely requires the production of the designated documents. The necessary clerical and stenographic work required to examine the records and compile the information from them must accordingly be at the expense of the party requesting the subpoena. It will also be noticed that subsection (2) of Rule 45(b) provides that

the Court may deny the motion unless the party requesting it advances the reasonable cost of producing the papers and documents requested. In the present case there is apparently no need for the papers or documents in their entirety in Court, inasmuch as the plaintiffs merely desire to obtain information from them. Since the burden of compiling this information is upon the plaintiffs I believe that the defendant should not be required to bring this information into Court in its condensed form except upon pre-payment by the plaintiffs of the reasonable cost of doing the same. The use of the subpoena duces tecum in this case, directed to the taking of depositions before the trial, makes the procedure very similar to that authorized by Rule 34, which permits a party showing good cause therefor to inspect or photograph designated papers and documents which are not privileged, and which are in the possession or control of the opposing party. Since Rule 34 preserves to the defendant the right of privilege, I think the same right should be recognized in the present motion. The best way to protect that right in the defendant is to have the information compiled by the defendant, without permitting the plaintiffs to search at random through the defendant's files, and at the same time to require the plaintiffs to bear the reasonable cost of such work.

The plaintiffs object to the anticipated action on the part of the defendant in attempting to prove that it was necessary for the defendant to individually select and license each jobber who desired to purchase and sell the treated gasoline in order to prevent dilution and adulteration in the hands of jobbers, and in order to protect the public from danger inherent in tetraethyl lead fluid. Defendant contends that such evidence is competent as showing that the defendant's reason for refusing to license a dealer was not necessarily because he was a price cutter. I agree with the plaintiffs on this point, which I think was disposed of by the Supreme Court in the case of the Government previously referred to. Ethyl Gasoline Corp. v. United States, 309 U.S. 436,

60 S.Ct. 618, 84 L.Ed. 852. The Court held in that case that the public could be protected without the illegal licensing system and selection of jobbers by the defendant, and that such acts on the part of the defendant were but a part of the enforcement of its monopoly.

The witness Earl W. Webb was directed by counsel for the defendant not to answer two questions propounded to him by plaintiffs' counsel in the taking of depositions. These questions and the objections are shown on Pages 38, 39 and 40 of Webb's deposition. I am asked to require the witness to answer the questions. I believe the objections to these questions were well taken and that it is not necessary that they be answered by the witness Webb. The witness Russell B. Weston was directed by counsel for the defendant not to answer certain questions put to him by counsel for the plaintiffs which are shown on Pages 37 through 41 of that witness' deposition. These questions deal with the action of the defendant in refusing licenses to certain applicants. Because of the report that said applicants would not conform to price standards, and in later issuing a license when the applicant showed his willingness to comply with price standards set by the defendant. Although these matters pertain to persons who are not parties to this suit, yet I think they have a strong bearing upon the issue in this case, and if the facts exist as they are claimed to exist by the plaintiffs they form material evidence in support of the plaintiffs' contention. The witness will be required to answer these questions. On Pages 82 through 84 of the deposition of John Coard Taylor certain questions were asked dealing with the budget set aside for the coming year for advertising. Defendant's counsel directed the witness not to answer and this question was also certified to the Court. I believe the defendant's objection in this instance was well taken, and the witness will not be required to answer.

If counsel desire formal orders embodying the foregoing views of the Court they can be drafted and tendered for entry.