348 BLOOMFIELD AVENUE CORP. v. MONTCLAIR MFG. CO., Inc.
Civ. No. 131–50.

United States District Court
D. New Jersey.
June 21, 1950.

Shoenholz & Shoenholz, Newark, N. J., for plaintiff.

Samuel Rosenblatt, Montclair, N. J., for defendant.

MEANEY, District Judge.

Plaintiff, as assignee, brings this action to recover for breach of a lease of premises located in Montclair, N. J. Defendant, by this motion, raises the defense of res judicata, alleging that a judgment of the Essex County Court bars this action, and further contends that the action is barred by a statute of New Jersey which provides as follows: "Until such corporation so transacting business in this state shall have obtained such certificate of the secretary of state, it shall not maintain any action in this state upon any contract made by it in this state." N.J.S.A. 14:15-4.

Both parties have filed affidavits which show the following facts. A lease was entered into between the Danlow Realty Co. and defendant in September of 1946. The Danlow Realty Co. is a corporation of the State of New York and has never received authorization to do business in the State of New Jersey. The lease was subsequently assigned by Danlow Realty Co. to the plaintiff, also a New York corporation, which has not been authorized to transact business in the State of New Jersey. Attached to defendant's notice of motion is a certified copy of an order of the Essex County Court striking the complaint on the ground that the suit was based upon a lease entered into in the State of New Jersey by a New York corporation without authority to do business in New Jersey. The order further recites that it is without prejudice to the right of the plaintiff to proceed in another forum. From the affidavits it further appears that the issues involved in the action in the Essex County Court were the same as are involved in this action. It must have been decided then that the statute barred plaintiff's action. Plaintiff questions the propriety of raising the defense of res judicata by a motion of this type and contends that the statute referred to above has no application to the facts in the case at bar.

Ordinarily the defense of res judicata is pleaded as an affirmative defense under the Federal Rules of Civil Procedure, 28 U.S.C.A. However, where the substantive rights of the parties are not endangered, the manner of raising the defense is unimportant. Motions of a similar nature have been treated as answers and as motions for summary judgment. In Hartmann v. Time, Inc., 3 Cir., 1947, 166 F.2d 127, 1 A.L.R.2d 370, certiorari denied 334 U.S. 838, 68 S.Ct. 1495, 92 L.Ed. 1763, on motion for summary judgment defendant filed an affidavit setting up pleadings and judgments in suits between the parties involving the same issue. The court said that the pleadings and judgments were properly treated as a plea of res judicata by the District Court. In a footnote the court stated that a defense of this kind may be raised either by motion to dismiss or in the answer. See: 2 Moore's Federal Practice, 2nd edition, par. 8.28 and par. 12.09. In this case both parties have had the opportunity to submit, and have submitted, affidavits from which it clearly appears that there is no genuine issue as to a material fact so far as the defense of res judicata is concerned. In such a circumstance the court may properly pass upon the legal sufficiency of the defense. Brooks v. Pennsylvania R. Co., 5 Cir., 1949, 178 F.2d 602.

The question whether, as a matter of state law, the statute bars plaintiff's action, is not open to discussion in this court, even if the Essex County Court has erroneously applied the law, as plaintiff contends. Since the issue has been determined between the parties by a court of competent jurisdiction, that issue has become res judicata and cannot be disturbed by this court. Epstein v. Bendersky, 130

N.J.Eq. 180, 21 A.2d 815. Blum v. William Goldman Theatres, Inc., 3 Cir., 1949, 174 F. 2d 914, requires application of the New Jersey law on this doctrine.

■ The recent decision in Woods v. Interstate Realty Co., 337 U.S. 535, 69 S. Ct. 1235, requires that where a state statute, similar to the New Jersey statute, bars the remedy in the state courts, the same result must follow in an action in the federal courts based on diversity of citizenship. Since it has been determined in the action in the state court that the statute bars this action, it follows that the same result must obtain here.

An order for judgment in favor of defendant may be submitted.