## STATE THEATRE CO. v. TRI–STATES THEATRE CORP. et al.
### Civ. No. 28–49.

United States District Court
D. Nebraska, Omaha Division.
May 24, 1951.

Fred S. White (of White, Lipp & Simon), Omaha, Neb., for plaintiffs.

Seymour L. Smith and Robert L. Smith, (of Fitzgerald & Smith), Omaha, Neb., for defendant Twentieth Century-Fox Film Corp.

Yale C. Holland (of Kennedy, Holland, DeLacy & Svoboda) and Eugene N. Blazer, Omaha, Neb., for defendant Tri-States Theatre Corp.

DONOHOE, Chief Judge.

This action involves an alleged combination and conspiracy in restraint of trade. The plaintiff has caused to be served upon the branch manager of the defendant, Twentieth Century Fox Film Corporation, a subpoena duces tecum requiring production of the following items:

"1. All books, papers, records, memoranda, correspondence and all other documents and papers relating to the leasing and/or releasing of motion picture films for exhibition with the defendants Tri-States Theatres Corporation, Singer Omaha Corporation, and State Theatre Company of Omaha, Nebraska, for the period commencing October 1, 1944 to February 16, 1949.

"2. All correspondence from plaintiff State Theatre Company to defendant Twentieth Century Fox Film Corporation, Omaha Branch, for the period commencing October 1, 1944 to February 16, 1949 relating to plaintiff's request and demand for the leasing of motion picture films from said defendant Twentieth Century Fox Film Corporation for exhibition in the State Theatre at Omaha, Nebraska; all responses thereto between defendant Twentieth Century Fox Film Corporation; all correspondence between the Omaha Branch of said defendant corporation and the New York office of said defendant and particularly with A. W. Smith, Jr., general sales manager of Twentieth Century Fox Film Corporation, New York City, N. Y. and all responses thereto from said general sales manager.

"3. All correspondence, papers, records, memoranda between the Omaha Branch, Twentieth Century Fox Film Corporation and Abraham H. Blank and/or Grace Ralph Branton relating to the leasing and/or releasing of motion picture film for exhibi-

tion in the theatres of the defendant Tri-States Theatres Corporation in Omaha, Nebraska for the period commencing October 1, 1944 and ending February 16, 1949."

The defendants, Twentieth Century Fox Film Corporation and Tri-States Theatres Corporation, have filed motions to quash the subpoena for various reasons which are discussed below.

1. Counsel for the defendant, Twentieth Century Fox, has stressed the argument in its brief that the burden is on the plaintiff to show "good cause" for the production of the requested documents. A recent treatise on Federal procedure may cast a slight shadow of doubt upon the validity of this proposition:

"A clear distinction must be drawn between discovery under Rule 34, and the issuance of a subpoena duces tecum under Rule 45. If it is sought merely to inspect documents under the control of a party, for the purposes of discovery before trial or hearing or before the taking of depositions and for the purposes of preparing for trial, good cause must be shown and an order of court obtained under Rule 34. On the other hand, if a party desires the production of documents under the control of a party or a witness for use at the trial or hearing or at the taking of a deposition he may obtain a subpoena duces tecum under Rule 45, without showing any cause and without any order of court." 2 Barron and Holtzoff, Federal Practice and Procedure, Sec. 1002, p. 711, citing Crary v. Porter, 8 Cir., 1946, 157 F.2d 410, 415, which however, involved only the requirement of a court order and not the showing of good cause.

In the supplement to this work, the editor points out that a recent case has held that Rules 34 and 45, Fed.Rules Civ.Proc. 28 U.S.C.A., are in pari materia and that production of documents by a party under subpoena duces tecum may not be compelled without the showing of good cause required by Rule 34. North v. Lehigh Valley Transit Co., D.C.Pa., 1950, 10 F.R.D. 38. This view seems to buttress the defendant's position and is in accord with the theory propounded in Moore's Federal Practice, Vol. 4, p. 2426: "To harmonize the various pro-

visions the specific should control over the general, and Rule 34 would, therefore, control and require a showing of good cause as a condition to obtaining discovery of documents from a party, even when the parties deposition is being taken."

With this in mind, the court is disposed to assume, at least for the purposes of the present discussion, that a showing of good cause is required.

"What is good cause, depends on the particular facts of each case; as Judge Mize said in one decision, 'It is difficult to lay down a definition of good cause that would apply to every particular case. There is wide latitude.' General speaking, however, there should be a showing that the documents sought to be inspected will in some way aid the moving party in the preparation of his case; that the documents are relevant to the issues; that the moving party must establish his claim or defense by documents, most of which are in the adverse parties possession; or that the denial of production would unduly prejudice the preparation of the parties case or cause him hardship or injustice. That production at the trial would be cumbersome and time consuming is a reason for ordering production and discovery unuder Rule 34." 4 Moore's Federal Practice, Sec. 34.08, p. 2450.

Since many decisions indicate that a showing of good cause has been made if it appears that the documents are relevant or will lead to discovery of relevant evidence or if their production will enable a party to prepare his case or will facilitate proof or progress at the trial. G. & P. Amusement Co. v. Regent Theater Co., D.C., 9 F.R.D. 721; U. S. v. Schine Chain Theatres, D.C., 2 F.R.D. 425; Gordon v. Pennsylvania R. Co., D.C., 5 F.R.D. 510; Hirshorn v. Mine Safety Appliance Co., D.C., 8 F.R.D. 11, the court is of the opinion that, except as hereinafter stated otherwise, the plaintiff has made a satisfactory showing of good cause.

■ The branch manager of the defendant, Twentieth Century Fox, shall not be required to produce any correspondence between the plaintiff, State Theatre Company, and the defendant, Twentieth Century Fox, since it is reasonable to assume that the plaintiff has either the original or a copy of all this correspondence and the plaintiff has not attempted to make any showing to the contrary. Good cause is not shown when the mover has the information sought or can obtain the documents or information therein through other methods than the rules of discovery. Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451; Garrett v. Faust, D.C., 8 F.R.D. 556; G. & P. Amusement Co. v. Regent Theatre Co., supra.

■ 2. Both defendants contend that the subpoena duces tecum is too broad in its terms and the documents are not described with sufficient particularity to enable an identification thereof. The documents which are to be produced must be reasonably designated. However, there is a wide divergence of opinion as to how specific the designation must be. The narrow view holds that the documents must be so clearly indicated that the possessor may go to his files and pick out the document. Welty v. Clute, D.C., 29 F.Supp. 2; Sonken-Galamba Corp. v. Atchison Topeka & Santa Fe Ry. Co., D.C., 30 F.Supp. 936. The broader view holds that it is sufficient if the documents are designated by categories, as long as the categories themselves are sufficiently defined. R. C. A. Mfg. Co. v. Decca Records, Inc., D.C., 1 F.R.D. 433. The latter liberal view more nearly approaches the purpose of the Federal Rules of Civil Procedure and should be followed. G. & P. Amusement Co. v. Regent Theatre Co., supra; 4 Moore's Federal Practice, Sec. 34.07, pp. 2446, 2447. Except as hereinafter specifically mentioned, the plaintiff has sufficiently designated the subject matter of the documents sought and this designation satisfies the requirements of the more liberal view.

■ The last six lines of paragraph 2, which read as follows: "all correspondence between the Omaha Branch of said defendant corporation and the New York office of said defendant and particularly with A. W. Smith Jr., general sales manager of Twentieth Century Fox Film Corporation, New York City, N. Y. and all responses thereto from said general sales manager",

do not sufficiently designate the documents requested and consequently the subpoena should be modified by striking the foregoing six lines therefrom.

 3. The defendant, Twentieth Century Fox, further contends that the subpoena is unreasonable and oppressive and that it violates the Fourth Amendment to the Constitution of the United States which forbids unreasonable searches and seizures. In this regard, the court calls attention to Judge Delehant's comment in Bowles v. Misle, D.C., 64 F.Supp. 835, 838: "However, it need not be emphasized that the amendment forbids not all searches and seizures, but only those that are unreasonable. And the pursuit of available, competent and relevant evidence, known or legally presumed to exist and to be in a party's possession is not unreasonable."

The court realizes, of course, that the subpoena is relatively broad and requires the production of many documents; consequently, the denial of the defendants' motions to quash will be conditioned upon the advancement by the plaintiff, in whose behalf the subpoena has been issued, of the reasonable cost of producing the books, papers and documents requested.