## LOVE v. UNITED STATES.
### No. 50454.

United States Court of Claims.

Decided April 8, 1952.

---

Harold Robert Love, pro se.

Gordon F. Harrison, Washington, D. C., James R. Browning, Acting Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

JONES, Chief Judge.

Plaintiff sues for back salary on five claims for various periods between December 27, 1944, and September 19, 1947, and for salary from that date until the time of his restoration to government service. It does not appear that plaintiff has been restored to service prior to the filing of this petition.

Prior to December 27, 1944, plaintiff, a veteran, was employed by the War Department as cost accountant and auditor. Plaintiff's first claim here, which we shall designate Claim A, is based on an alleged illegal suspension from that position from December 27, 1944, to April 2, 1945. This petition was filed on December 6, 1951. Claim A is therefore barred by the six year statute of limitations, Title 28, United States Code, § 2501. This statute is jurisdictional in nature, United States v. Wardwell, 172 U.S. 48, 52, 19 S.Ct. 86, 43 L.Ed. 360; and was not tolled during the period this claim may have been under consideration by an administrative agency. Tan v. United States, Ct.Cl., 102 F.Supp. 552; Ylagan v. United States, 101 Ct.Cl. 294.

Plaintiff's other claims may be described briefly as follows:

B. Salary differential between Grade CAF-8 and CAF-11 for a period beginning July 13, 1947, apparently until August 20, 1947, based upon an alleged illegal demotion;

C. Salary from July 16, 1947, through July 23, 1947, to cover a period of alleged unlawful suspension;

D. Salary from August 5, 1947, through September 19, 1947, to cover a period of alleged unlawful suspension; and

E. Salary from September 19, 1947, onward, based on alleged illegal dismissal.

■ Claims C, D, and E are barred by the decision of this court in Love v. United States, 98 F.Supp. 770, 119 Ct.Cl. 486, certiorari denied, 342 U.S. 866, 72 S.Ct. 106, involving the same parties and substantially the same issues. Plaintiff's claim in that suit was that his dismissal in September 1947 was procedurally defective. Plaintiff on April 2, 1945, had received an appointment as a Cost Analyst, Grade CAF–11. By letter dated July 11, 1947, he was notified of his proposed discharge and of his suspension without pay, effective July 16, 1947, for a period of five days (the period covered by Claim C here) pending action on the proposed discharge. He made written reply to the charges against him, and on August 4, 1947, was notified of an adverse decision thereon. The same notice suspended plaintiff for 30 days effective at the close of business on August 5, 1947 (the first part of the period covered by Claim D here), and stated that he would be discharged effective at the close of business on September 4, 1947. This court held that plaintiff was discharged effective September 4, 1947, and that in every respect his discharge was procedurally correct. He was therefore denied recovery. 98 F.Supp. 770, 119 Ct.Cl. 486.

Plaintiff claimed recovery in the former suit in this court only for the period September 19, 1947, to the date of his restoration to service (the period covered by Claim E here). For reasons best known to plaintiff he had a separate suit pending in the United States District Court for the Western District of Kentucky involving the period September 4 to September 19, 1947, which suit has since been voluntarily dismissed. Plaintiff was discharged effective, however, on September 4, 1947. Right to recover for salary from September 4, 1947, to September 19, 1947, must

necessarily stand or fall with right to recover for the period thereafter, beginning with September 19, 1947. It was finally adjudicated in the previous suit in this court —and the United States Supreme Court denied certiorari—that the discharge was not illegal and that plaintiff had no right to recover for salary for the period beginning September 19, 1947. He therefore has no right to recover for salary for the period September 4 to September 19, 1947 (the remainder of the period covered by Claim D here).

The facts and events upon which plaintiff bases his Claims C, D, and E were all part of the procedure by which plaintiff's separation and discharge were effected. Those facts and events were directly involved and thoroughly considered in the previous case. The procedure was expressly held to be in no respect defective. The issues upon which Claims C, D, and E depend have been directly adjudicated. In contradiction to plaintiff's statement, plaintiff has very definitely had his day in court, and he failed to show the merit of his contentions. It would be a complete waste of time of the court and of the litigants to retry the various issues. The claims designated C, D, and E must therefore be dismissed.

Although the findings in the previous case briefly touched upon facts relative to plaintiff's Claim B here—for alleged wrongful demotion—there was no liability therefor asserted or adjudicated in that case. It does not appear that the demotion was a part of the chain of events effecting plaintiff's discharge or that plaintiff is now estopped from asserting his claim. The Government's attorney stated on page 59 of the record of the hearing before the commissioner in the previous case that:

"* * * [the demotion] has no relevancy to the particular case we are now trying, namely, his separation —whether it was legal or illegal, what were the procedures followed, and what was the result."

Defendant's motion to dismiss Claim B must therefore be denied. Claim B is for salary differential between the Grades CAF–8 and CAF–11 for the period begin-

ning July 13, 1947. The propriety of his suspensions without pay from July 16 through July 23, 1947, and from August 5, 1947, until the time of his discharge, has already been determined. If upon further proceedings it should be determined that plaintiff is entitled to recovery under Claim B, that recovery must be limited, therefore, to exclude those periods of suspension without pay.

There is one further contention in this case which it is deemed advisable to discuss, involving procedure under rules recently promulgated by this court. This case is presently before us upon defendant's motion to dismiss. No answer has yet been filed. The motion sets up defenses based upon the statute of limitations and the doctrine of res judicata. It is plaintiff's contention that such defenses are not properly before the court, and that under the rules of the court such defenses must be raised by answer.

To support this contention plaintiff relies upon Rule 16(b), 28 U.S.C. which provides that

"Every defense, in law or fact, to a claim for relief in any pleading, * * shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction of the subject matter or the person, and (2) failure to state a claim upon which relief can be granted. * * *"

It is plaintiff's contention that the defenses here asserted cannot properly be considered by the court upon motion, since neither one falls within the exceptions under Rule 16 (b).

The latest revision of the rules of this court dates from May 15, 1951. Substantial portions of these rules have been derived from the Federal Rules of Civil Procedure for the United States District Courts. (See Title 28, United States Code, section 2071, and Reviser's Notes thereto, for "the broad rule-making power * * to prescribe complete and uniform modes of procedure" of this and other federal courts. Cf. id., section 2072, the enabling act for the FRCP.) To this extent the practice and interpretation of the federal rules in the district courts may be considered by this court in the application of its own rules, together with its own experience and the special circumstances adhering to the Court of Claims.

With respect to the defense of limitations, since under our Rule 9(e) (the counterpart of FRCP 9(f)) time is material—

"for purposes of testing the sufficiency of a pleading, a motion to dismiss because the statute of limitations has run may be utilized, without supporting affidavits, whenever the time alleged in the statement of claim shows that the cause of action * * * has not been brought within the statutory period." [2 Moore's Federal Practice (2d ed.) par. 9.07. See also id., par. 12.10.]

Add to this the additional factor that the applicable statute of limitations in this court is jurisdictional in nature, United States v. Wardwell, supra, and there can be no doubt of the propriety of raising the defense of limitations by a motion to dismiss.

With respect to the defense of res judicata, it is an affirmative defense under Rule 15(b) and is properly asserted by answer. Such is the ordinary practice under the FRCP. 348 Bloomfield Avenue Corp. v. Montclair Mfg. Co., D.C., 90 F. Supp. 1020, 1021. Under the federal rules the defense of res judicata has also been raised by motion, however, and where substantive rights of the parties have not been endangered thereby the manner of raising the defense has not been considered controlling. Id. See also Hartmann v. Time, Inc., 3 Cir., 166 F.2d 127, 1 A.L.R. 2d 370, where res judicata was asserted in a motion for summary judgment, and in which the court noted that a defense of this kind may be raised either by motion to dismiss or by the answer.

Plaintiff's rights in the instant case have been in no way endangered by the procedure herein, and he has had full op-

portunity for briefing and oral argument. The arguments having been fully considered, there is no legitimate end to be served in delaying the disposition of the case. Accordingly we believe that plaintiff's objections that the court cannot now consider these defenses are without merit.

It may be noted that one objective of the federal rules, and of the revised rules of this court, is to encourage quick presentation of defenses and objections, and to limit successive motions which prolong such presentation.

Except perhaps in the rare instance where a petition would show on its face such defense, where a defendant seeks determination of the defense of res judicata prior to the filing of the answer, the better procedure in this court would appear to be by way of motion for summary judgment under Rule 51, rather than by motion to dismiss under Rule 16(b)—and equally so with other affirmative defenses requiring matter outside the pleadings, where there is no genuine issue as to material fact.

It is true that where a motion to dismiss under Rule 16(b) for failure to state a claim presents matter outside the pleadings the court in its discretion may treat the motion as one for summary judgment under Rule 51. It is also true that the court in its discretion may exclude such matter and may deny the motion. It is clear then that the motion should in the first instance be one for summary judgment under Rule 51. On a true motion for summary judgment thus labelled and filed in accordance with Rule 51 the court has no such discretion, and it will receive and consider all such matter outside the pleadings if otherwise properly presented. Moore, id., par. 12.09.

Of course summary judgment will be entered only where there is no genuine issue as to material fact, and where the moving party is entitled to judgment as a matter of law.

Defendant's motion to dismiss the plaintiff's petition will be granted except as to the matter contained in Claim B. The case will be referred to a Commissioner of this court for the purpose of taking testimony. The evidence to be adduced will be limited to testimony and documents relating to Claim B. It is so ordered.

HOWELL, MADDEN, WHITAKER and LITTLETON, Judges, concur.