Suit for salary. In this case the Court of Claims, on April 8, 1952, granted defendant’s motion to dismiss plaintiff’s claim fox back salary, except for certain parts of the period covered by what was designated as claim B. Opinion 122 C. Cls. 144.
Plaintiff’s original suit (No. 49343), based on alleged illegal suspension and improper demotion, was decided adversely to plaintiff. Opinion 119 C. Cls. 486; certiorari denied 342 U. S. 866.
The only portion of Claim B not covered in the original opinion is with respect to the demotions in pay from July 13 to 16 and from July 24 to August 5,1947. On plaintiff’s motion for summary judgment, it was held that the plaintiff *870 was entitled to recover on this portion of the claim in an opinion per .curiam,, as follows:
In the above cause this Court on April.8,1952, granted defendant’s motion to dismiss plaintiff’s claim for back saláry, except for certain parts of the period covered by what was designated as Claim B.
Plaintiff’s original suit based on alleged illegal suspension and improper demotion was decided adversely to plaintiff in the case of Love v. United States, 119 C. Cls. 486.
The only portion of Claim B not covered in the original opinion is the demotions in pay from July 13 to 16 and from July 24 to August 5,1947.
Defendant admits that the demotion for those days was procedurally defective, that for those days plaintiff was paid at the rate of CAF-8, $4,575.80 per an-num, whereas he should have been paid at the rate of CAF-11, $5,152.80 per annum. Defendant further calculates the difference between the rates of pay for the dates in question aggregates $30.95, which it concedes plaintiff is entitled to recover. This calculation appears to be substantially accurate.
Plaintiff’s motion is granted. He is entitled to recover from the defendant the sum of thirty dollars and ninety-five cents ($30.95).
. It is so ordered.