**PANAMUSICA VENEZUELA C. A.,**
**Plaintiff,**

v.

**AMERICAN STEEL EXPORT COMPANY, Inc., Defendant.**

United States District Court
S. D. New York.
May 24, 1954.

Arthur E. Garmaize, New York City, for plaintiff.

Francis C. Dale, Cold Spring, for defendant.

GODDARD, District Judge.

Motion to quash subpoena duces tecum served by defendant on plaintiff's president, Sims.

Plaintiff is a Venezuela corporation, which is suing to enforce an agreement granting an exclusive sales agency to it in Venezuela. The issue is whether the agreement has been terminated.

The subpoena seeks the production of a voluminous amount of documents in the possession of plaintiff, which apparently would have to be brought up from Venezuela. The subpoena was served not in connection with the trial of the suit, but for a pre-trial deposition.

It would appear that the great majority of these documents are papers, or correspondence, of which defendant is in possession of either the original or a duplicate.

If a subpoena duces tecum is directed to a party, particularly at a deposition hearing, the specific terms of Rule 34 should govern. 28 U.S.C.A.; 5 Moore's Federal Practice, p. 1723. Rules 34 and 45 should be considered in pari materia. 4 Moore's Federal Practice, p. 1054. Therefore, good cause must be shown for the production of these documents. Good cause is not shown where the moving party has the information sought or can obtain the documents or information without recourse to the discovery rules. G. & P. Amusement Co. v. Regent Theatre Co., D. C., 9 F.R.D. 721; State Theatre Co. v. Tri-State Theatre Corp., D.C., 11 F.R.D. 381.

There has been no showing of good cause. The motion is granted without prejudice to any subsequent attempt by defendant to require production of certain documents on a showing of good cause.

Settle order on notice.