Pleading and practice; review of interlocutory order; discovery; production of documents pursuant to subpoena duces tecum; payment of costs of production; excuse for late filing for protective order. — On January 25, 1980 the court entered the following order:
Before Davis, Judge, Presiding, Kashiwa and Bennett, Judges.
This renegotiation case comes before the court, without oral argument, on defendant’s motion for Rule 53(c) (2) review of an October 25, 1979 order of Trial Judge Harry E. Wood. The October 25 order granted Coopers & Lybrand’s (C&L) request for an order requiring defendant’s payment of the costs incurred by C&L in complying with a subpoena duces tecum issued on defendant’s behalf. C&L is plaintiffs accounting firm, and is not a party in the action in which the subpoena was issued. Plaintiffs have not participated in C&L’s request for an order compelling payment of costs.
As an initial matter, we must determine whether we should exercise interlocutory review pursuant to Rule 53(c)(2). The trial judge found that such review was appropriate because, although "the Order is not within the literal purview of Rule 53(c) (2), * * * extraordinary circumstances warranting immediate review * * * here exist.” Trial Judge’s Opinion at 17.
There are a number of factors which are important to our decision of whether immediate review is, in fact, appropriate. First, the order in question involves an issue which is separable from the main action, and which will almost certainly have to be decided by this court at some time, regardless of the outcome of the litigation. In similar circumstances, immediate review has been found to be proper. See, Cohen v. Beneficial Loan Corp., 337 U.S. 541, 546 (1949). Provisions limiting interlocutory review should *566 be given a "practical rather than technical construction” in order to further the policies underlying the particular statute or rule. Id. Immediate review of the October 25 Order would be consistent with the policy stated in Rule 53(c)(2) that "the court will deal with the entire case, or a properly severed aspect thereof on a single occasion only.” (emphasis added).
In addition, interlocutory review of a separable issue which is collateral to the main litigation seems particularly appropriate where, as here, rights of a non-party are at issue, and there is no objection to such review on the part of the trial judge or either party to the action.
Therefore, we find that in these narrow and extraordinary circumstances, interlocutory review of the October 25 order is proper.
C&L’s motion for an order compelling payment of costs is based on two grounds: (1) defendant’s attorney entered into an implied contract with C&L for the payment of costs incurred in connection with production of documents pursuant to the subpoena duces tecum, and defendant is bound by that agreement;[1] and (2) Rules 123(c) and 71(f) of this court authorize an award of costs to C&L.
The rules which C&L feels entitle it to an order compelling defendant to pay the costs incident to the subpoena provide protection to persons from whom discovery is sought. Rule 71(f) deals with discovery orders generally, and Rule 123(c) relates specifically to subpoenas duces tecum.
Rule 71(f), adopted from Rule 26(c) of the Federal Rules of Civil Procedure, provides, in part, that "Upon motion by any party or by the person from whom discovery is sought, and for good cause shown, the court may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense * * *.”
Rule 123(c), adopted from Rule 45(b) of the Federal Rules of Civil Procedure, provides, in part, that once a subpoena duces tecum has been issued and served,
*567 the court upon motion made promptly, and in any event not later than the time specified in the subpoena for compliance therewith, may * * * (2) require the person in whose behalf the subpoena was issued to advance the reasonable cost of producing the books, papers, documents, or tangible things, (emphasis added).
C&L did not file a motion with the court under Rules 71(f) or 123(c) until August 6, 1979, approximately two years after the time set for compliance with the subpoena in question. The critical issue before us now is whether the trial judge was correct in determining that defendant should pay the costs of C&L’s compliance with the subpoena, despite the time lapse between the date set for compliance, and the date on which C&L’s motion was filed.
In interpreting the requirements of Rules 71(f) and 123(c), this court may look for guidance to the analogous rules in the Federal Rules of Civil Procedure; i.e., Rules 26(c) and 45(b), respectively. See, Love v. United States, 122 Ct. Cl. 144, 149, 104 F. Supp. 102, 105 (1952).
Under Rules 26(c) and 45(b), the general law is that "[a]bsent circumstances which would justify delay, motions * * * must be served before the time set for compliance in the subpoena.” United States v. International Business Machines Corp., 70 F.R.D. 700, 702 (S.D. N.Y. 1976). See also, United States v. Int’l Business Machines Corp., 66 F.R.D. 186, 188-89, n.6 (S.D.N.Y. 1974); Celanese Corp. v. E.I. du Pont de Nemours & Co., 58 F.R.D. 606, 609 (D. De. 1973); North v. Lehigh Valley Transit Co., 10 F.R.D. 38, 39 (E.D. Pa. 1950).
The subpoena duces tecum involved herein was served upon C&L on August 3, 1977.[2] It ordered a C&L employee to appear at a deposition on August 12, 1977. The documents which were the subject of the subpoena were made available to the Government’s expert witness on August 26, 1977, who began examining them on August 30, 1977.
*568 Between August 3, 1977 when the subpoena was served, and August 6, 1979, when C&L moved for the order at issue here, there were a number of written and oral communications between C&L and Justice Department attorneys, concerning the payment of costs for compliance with the subpoena.
The first of these conversations took place on August 8, 1977, when plaintiffs’ attorney, Harold Hirshman, contacted John Hanson, an attorney for the Justice Department. Mr. Hirshman informed Mr. Hanson that C&L could not produce the large quantity of documents within the scope of the subpoena unless the Government agreed to bear the costs of production.
In addition, prior to producing the documents, Mr. Hirshman informed Mr. Hanson verbally, and by letter dated August 23, that he would comply with a special request relating to production "provided that the Government bears the expense as well as the other expenses of production,” and that he understood this to be the Government’s normal practice.
While the Government asserts that Mr. Hanson never stated or implied that defendant would pay the costs of production, the record does not show that Mr. Hanson ever indicated that the Government would not do so, at least prior to the actual production of the documents.
Based on these and later communications,[3] the trial judge determined that
[d]efendant did nothing whatsoever to indicate that defendant would not bear all expenses of production, but instead simply proceeded to inspect the [approximately 40,000 pages of] documents claimant had assembled for it * * *. [D]efendant did not, at least in writing disavow its obligation to reimburse claimant for its reasonable expenses until after the filing of claimant’s present motion. Trial Judge’s Opinion at 7.
It is clear from all of the circumstances, that C&L’s delay in filing a motion under Rules 71(f) and 123(c) was a result of justified and reasonable reliance on its belief that *569 defendant had agreed to bear the costs of production. We agree with the trial judge’s ruling, that regardless of whether there was actually an implied agreement for payment of costs, the "reasonable reliance is plainly relevant to a determination whether excusable cause for delay in proceeding under the terms of those Rules exists. And it suffices to show good cause for delay.” Id. at 13.
In addition to arguing that C&L is time-barred from filing a motion under Rules 71(f) and 123(c), defendant takes the position that it should not be required to pay the costs of production because they would be properly assessable against C&L or plaintiffs even if a motion for payment of costs had been timely filed. We find this argument to be unpersuasive since the trial judge clearly acted within the scope of his discretion in requiring defendant to pay the costs of C&L’s compliance with a subpoena issued on defendant’s behalf.
Rules 71(f) and 123(c) authorize a trial judge to quash or modify a subpoena duces tecum. See, Ghandi v. Police Dept. of City of Detroit, 74 F.R.D. 115, 117 (E.D. Mich. 1977). The judge may also condition compliance upon payment of costs by the party who will benefit by compliance with the subpoena. See, e.g., Celanese Corp. v. E.I. du Pont de Nemours & Co., 58 F.R.D. 606, 612 (D. De. 1973); State Theatre Co. v. Tri-States Theatre Corp., 11 F.R.D. 381, 384 (D. Neb. 1951); Ulrich v. Ethyl Gasoline Corp., 2 F.R.D. 357, 359-60 (W.D. Ky. 1942); Fox v. House, 29 F. Supp. 673 (E.D. Okl. 1939). Absent an abuse of discretion, a trial judge’s order modifying a subpoena duces tecum will not be reversed by this court. See, Premium Service Corp. v. Sperry & Hutchinson Co., 511 F. 2d 225, 229 (9th Cir. 1975); Galella v. Onassis, 487 F. 2d 986, 997 (2d Cir. 1973). There is no such abuse of discretion wheré, as is the case here, a subpoena duces tecum is sweeping in scope, is issued against a non-party, requires numerous man hours of time, and is expensive to comply with. A number of courts have conditioned compliance on payment of costs in the same or similar circumstances. See, e.g., Celanese Corp., supra, 58 F.R.D. at 612; State Theatre Co., supra, 11 F.R.D. at 384; Ulrich, supra, 2 F.R.D. at 360; Fox, supra, 29 F. Supp. at 676.
Defendant also argues that, because a large portion of C&L’s costs resulted from time spent deleting information *570 from the subpoenaed documents, the Government should not be required to pay those costs since they benefited only plaintiffs and C&L. The trial judge found that the deletions involved the separation of non-discoverable from discoverable papers. Trial Judge’s Opinion at 15. As such, they were necessary to the production of documents to defendants, and rather than benefiting plaintiffs or C&L, they simply avoided the harm to plaintiffs and C&L which would have resulted in the absence of the protective order limiting the scope of the subpoena. Defendant knew about the limitations placed on discovery, and "may not now be heard to say that the reasonable cost of claimant’s compliance with the court’s order (and defendant’s subpoena) is not chargeable to it.” Id. at 16.
We also agree with the trial judge’s ruling that defendant cannot avoid the payment of costs by asserting that the documents provided pursuant to the subpoena (as limited by the trial judge’s protective order) were not helpful to defendant. Id.
We therefore affirm the trial judge’s order of October 25, 1979, and return the matter to the trial judge to determine the reasonable costs that should be assessed against defendant.
It is so ordered.

 Because we agree with the trial judge’s decision that costs may properly be awarded in the instant case pursuant to the rules of this court, we need not decide the more difficult issues relating to the existence and effect of the implied agreement alleged by C&L.

 Defendant moved for the issuance of a subpoena duces tecum on April 20, 1977. Plaintiffs partially opposed defendant’s motion and requested a protective order limiting the scope of discovery. On May 31, 1977, the trial judge granted defendant’s motion, but narrowed the scope of the subpoena to the period of time from 1962 through 1972, "and only insofar as * * * audit work papers (not including Coopers & Lybrand’s audit program or judgmental interoffice memoranda) are concerned * * *."

 Subsequent to compliance with the subpoena, defendant responded to its receipt of C&L’s bill by asking for itemization and additional information, without denying its liability. In fact, until early in 1979, C&L was still communicating with defendant with respect to payment of costs, and had not yet received any clear denial of liability from defendant. Trial Judge’s Opinion at 13-14.