SENSYTROL CORPORATION,
Plaintiff,

v.

RADIO CORPORATION OF AMERICA, American Telephone & Telegraph Company, Westinghouse Electric Corporation and General Electric Company, Defendants.

United States District Court
S. D. New York.
June 28, 1955.

Emil K. Ellis, New York City, for plaintiff, Charles Sonnenreich, New York City, of counsel.

Cahill, Gordon, Reindel & Ohl, New York City, for defendant, Radio Corp. of America, James B. Henry, Jr., New York City, of counsel.

DIMOCK, District Judge.

This is an action for patent infringement. On May 26, 1955 plaintiff served a subpoena for attendance of witnesses and production of documents returnable June 8, 1955. Defendant moves, by order to show cause originally returnable June 7, 1955, pursuant to rule 45(b), Fed.Rules Civ.Proc. 28 U.S.C., for an order quashing the subpoena.

Plaintiff's complaint alleges infringement of two patents applications for which were filed February 25, 1936 and March 3, 1939 respectively and which were issued April 15, 1941. Defendant contends that the subpoena demands production of documents which are irrelevant and is "impossibly broad".

██ On such a motion the party serving the subpoena is required to make the same showing of "good cause" as is required by Rule 34, F.R.C.P. Sagorsky v. Malyon, D.C.S.D.N.Y., 12 F.R.D. 486.

The material sought is as follows:

| | Nature of Material Desired | To What It Relates | For What Period |
|---|---|---|---|
| 1. | Notes, drawings, correspondence, photographs or other records. | Experimental work conducted by Wolff and Hershberger in the field of detection of objects by means of radio waves. | Originating during period of employment of Wolff and Hershberger. |
| 2. | Notes, drawings, correspondence, photographs or other records. | Signalling systems and especially to a signalling system in which outgoing signals are transmitted to the same load circuit from which the received signals return. | Originating during period of employment of Wolff and Hershberger. |
| 3. | Drawings, photographs, descriptions and models | —of devices constructed and sold by R.C.A. of signalling systems in which outgoing signals are transmitted to the same load circuit from which the received signals return [and of?] radar equipment ascertaining, determining and signalling the approach of objects[,?] manufactured and sold by said R.C.A. | Unlimited |
| 4. | Contracts, agreements and correspondence. | The manufacture and sale by the R.C.A. of radar equipment and devices ascertaining, signalling and determining the approach of objects. | Unlimited |
| 5. | Books and records. | Same as above except that the word "returning" is substituted for "determining". | Unlimited |

In the absence of explanation by plaintiff I am insufficiently versed in patent law to determine what significance, if any, is to be attributed to the differences, sometimes minute, in the phraseology of these paragraphs. I shall attempt to determine, however, the general rules which will govern plaintiff's rights to the classes of material within the limits which it has set for itself by the form of its demands.

Plaintiff's claim is that defendant, by manufacture and sale of products, has infringed its patents. It anticipates a claim by defendant that some of defendant's activities constituted prior art which would invalidate plaintiff's patents.

■■ The steps by which defendant's products have been developed are quite immaterial on the question whether those products infringe. That question is to be determined by a consideration of the products themselves. International Nickel Co. v. Ford Motor Co., D.C.S.D.N.Y., 15 F.R.D. 357. Thus the only basis for an examination by plaintiff of the circumstances of the development of defendant's products is the possible claim that defendant will rely on some steps in the development as prior art invalidating plaintiff's patents. Therefore if defendant will stipulate that it does not rely on any of its own activities as prior art, the subpoena will be so limited as to eliminate all demands for material as to development, as distinguished from manufacture, of products. Otherwise plaintiff is entitled to this material.

■ As to products manufactured and sold, plaintiff is entitled to material involving radio echo devices. For example, the papers demanded may contain admissions, see Zenith Radio Corp. v. Radio Corp. of America, D.C.D.Del., 121 F. Supp. 792, 795. Plaintiff may not, however, at this stage go farther than necessary to demonstrate that infringing products have been manufactured and sold. Inquiry as to the amount of such sales must await the accounting stage of the proceeding. Jerome v. Twentieth Century-Fox Film Corporation, D.C.S.D. N.Y., 58 F.Supp. 13; Anheuser-Busch, Inc., v. Dubois Brewing Co., D.C.W.D.Pa., 3 F.R.D 336.

■ Defendant says that some radio echo devices which it has manufactured were sold to the Government and no one else. It points to section 1498 of title 28 of the United States Code which substitutes an action against the United States for an action for infringement in such a case. Plaintiff is not required to take defendant's word for it that material requested concerns only products sold to the Government alone. I can conceive of the possibility that that state of facts might be so clearly established that requirement of material concerned might be excused on the ground that defendant was entitled to a protective order under Rules 30(b) and 34, F.R.C.P. That point has certainly not been reached yet, however.

■ In one respect the subpoena is too broad. Paragraph 2 asks for notes, drawings, correspondence, photographs or other records originating during a certain period and relating to "signalling systems" in general and "especially" to a described signalling system. Defendant need not furnish material under that demand except that relating to the specially described system.

Similarly paragraphs 4 and 5 seem to me to be too broad. Besides material dealing with radar equipment they demand material dealing with "devices ascertaining, signalling and determining [or returning] the approach of objects". That should be qualified by the addition of the words "by radio echo".

The other descriptions of the character of the devices seem to me to come within the class of "radio echo" devices within which I place plaintiff's device.

The motion is granted to the extent and on the condition above indicated; otherwise denied. Defendant has leave to apply for any protective directions as to place, time and installments of production deemed necessary.