**ALEXANDER'S DEPARTMENT STORES, INC., Plaintiff,**

v.

**E. J. KORVETTE, INC. and Schwabro Corporation, Defendants.**

United States District Court
S. D. New York.
Oct. 2, 1961.

Lewis, Durante & Bartel, New York City, for plaintiff; Monroe Goldwater, James P. Durante, Milton Small, and Frederick E. Smithline, New York City, of counsel.

Simpson, Thacher & Bartlett, New York City, for defendants; Whitney North Seymour, Richard M. Dicke, John A. Guzzetta, Roy L. Reardon, New York City, and Lawrence M. McKenna, of counsel.

METZNER, District Judge.

Plaintiff moves under Rule 45(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. to quash defendants' *subpoena duces tecum* and moves pursuant to Rule 30(b) for a protective order.

The complaint seeks an injunction, divestiture and treble damages in the amount of $10,500,000. It is predicated upon Section 7 of the Clayton Act (15 U.S.C.A. § 18), which makes illegal the acquisition by one corporation of the stock of another

"where in any line of commerce in any section of the country, the effect of such acquisition may be substantially to lessen competition, or to tend to create a monopoly."

The complaint alleges that the plaintiff and Korvette are competitors in the same line of commerce in the metropolitan New York area and that their combined annual gross volume of business exceeds $200,000,000 a year, which is more than 50% of the total of such business in the area. Korvette is charged with having

purchased 21% of the outstanding voting stock of plaintiff for $1,244,000. In addition, the selling stockholders who were formerly officers and directors of the plaintiff have become officers and employees of Korvette. It is charged that these selling stockholders had acquired confidential information concerning the methods of doing business and operations of the plaintiff. Subsequently, it is charged that Korvette purchased an additional 24% of the stock of plaintiff for $5,240,346 so that Korvette now owns 45% of the stock. It is then alleged that this acquisition would substantially lessen competition or tend to create a monopoly in this line of commerce. Eight specifications of acts are alleged which the plaintiff claims were committed by the defendant pursuant to its scheme to obtain control of the plaintiff.

The deposition of the plaintiff is to be taken by five named officers of the corporation and "other duly authorized officers or agents of the said plaintiff corporation." Pursuant to said notice to take the deposition of the plaintiff, a *subpoena duces tecum* was served requiring the production at the deposition of various documentary material. The detailing of this material covers four closely typewritten pages.

■ Plaintiff first contends that the defendant should proceed under Rule 34 rather than Rule 45(d). Since the scope of discovery under Rules 34 and 45(d) is by the specific wording of those rules the same, the person seeking the documents should be permitted to follow either route.

> "The rules should be construed in *pari materia* and the right to discovery should not depend upon the tactical choice of one procedure as against another." 4 Moore, Federal Practice, ¶ 26.10, p. 1053.

However, the proponent of the subpoena should be required to show "good cause" as required by Rule 34. 4 Moore, Federal Practice, ¶ 34.02, p. 2426; Ostow & Jacobs, Inc. v. Morgan-Jones, Inc., D.C.S.D.N.Y.1960, 181 F.Supp. 208, 213;

Sensytrol Corp. v. Radio Corp. of America, D.C.S.D.N.Y.1955, 18 F.R.D. 279, 280; Connecticut Mut. Life Ins. Co. v. Shields, D.C.S.D.N.Y.1955, 17 F.R.D. 273, 275–277; Schwartz v. Broadcast Music, Inc., D.C.S.D.N.Y.1954, 16 F.R.D. 31, 33.

■ Good cause has been shown insofar as this subpoena is sustained because it seeks evidence relevant to the very issues tendered by the complaint.

■ Plaintiff contends that the *subpoena duces tecum* is unreasonable and oppressive and in this regard relies on the cost of compliance, the volume of material called for and disclosure to a competitor of its "trade secrets." In the first place, this litigation concerns itself with alleged violations of the antitrust laws, wherein it has been held that discovery should be liberally allowed. American Crystal Sugar Co. v. Cuban American Sugar Co., 23 F.R.Serv. 26b.31 Case 3 (S.D.N.Y.1956). Secondly, the plaintiff has instituted this suit against a competitor and has put in issue numerous matters. It cannot prevent that competitor from ascertaining relevant facts to defend itself against the charges. If there are specific documents protected by privilege as provided by Rule 26(b), objection thereto should be made at the time of the deposition. The court cannot intelligently rule upon the general objection made by plaintiff.

I do not think it necessary for the defendant to have documents going back to 1955. January 1, 1958 should be sufficient for its purposes. Similarly, some of the items referred to in the subpoena are not relevant to the issues or are too broad and have been stricken. Finally, the deposition of the plaintiff shall be had by the five officers named in the notice to take deposition. If the depositions of additional officers or agents are necessary, that can be determined upon the conclusion of the ordered depositions.

The *subpoena duces tecum* is amended by limiting items 2 and 3 to the fiscal period 1958 to date. Items 4 and 5 are stricken. Item 8 is limited by striking "plans for expansion and construction of

new stores or merchandising outlets," and "all other" and further limited to the period from January 1, 1958 to date. Item 9 is limited by striking "purchase price, terms of purchase or payment," and is limited to the period from January 1, 1958 to date. Item 10 is stricken. Item 13 shall be limited to the employment or attempt to employ by the defendants of officers or agents of Alexander's Department Stores, Inc. Items 14, 15, 16 and 17 are stricken.

So ordered.