UNITED STATES of America, Plaintiff,

v.

INTERNATIONAL BUSINESS MACHINES CORPORATION, Defendant.

No. 69 Civ. 200 (DNE).

United States District Court,
S. D. New York.

Sept. 24, 1974.

Raymond M. Carlson, Norman N. Seidler, Antitrust Div., Dept. of Justice, Washington, D. C., for plaintiff.

Stanley A. Doten, Morrison, Foerster, Holloway, Clinton & Clark, San Francisco, Cal., for defendant.

## MEMORANDUM

EDELSTEIN, Chief Judge.

The plaintiff in the above captioned action, United States of America, has moved this Court pursuant to Fed.R. Civ.P. 37(2) [1] and 45(d) for an order directing the Memorex Corporation (Memorex), a non-party to this action,

1. To comply forthwith with Paragraph 7 of the Schedule of Documents demanded by the plaintiff in the subpoena duces tecum, dated the 8th day of March, 1974, and served upon the Memorex Corporation; or in the alternative, at the option of the Memorex Corporation,

2. To make available for inspection and copying by authorized personnel of the United States Department of Justice, at the premises or facilities of the Memorex Corporation, such documents called for by Paragraph 7 of the Schedule of Documents under such terms and conditions as this Court may impose.

The subpoena upon which this motion is based was issued by the Clerk of this Court on March 8, 1974 as part of a joint deposition program entered into by both parties to this action and approved by this Court in Pretrial Order No. 12 (amended January 9, 1974). Paragraph 7 of the Schedule of Documents demanded by the plaintiff, which was appended to the subpoena, seeks documents with respect to the profits and losses of Memorex's electronic data processing (EDP) business for the years 1960 through 1972. It is reproduced in full in the margin.[2] At the deposition of Memorex, Stanley A. Doten, the attorney who participated in and supervised the efforts of Memorex to comply with the subpoena, stated on behalf of Memorex that "it is not our intent to produce responsive to that paragraph [7], and if we have done so we have done so because we were responding to another paragraph." Plaintiff's Exhibit A at 4.

---

1. Presumably, plaintiff is referring to Rule 37(a)(2).

2. (7). Such documents as will show, for each year from 1960 through 1972, the profit (or loss) of the Company, in the maximum detail possible through your management records, reports, or studies, attributable to its:
   a. total EDP business
   b. manufacture and marketing of the system types identified in the response to ¶ 1 above
   c. marketing of the system types identified in the response to ¶ 3 above
   d. marketing of the EDP product types identified in the response to ¶¶ 4a through 4k above
   e. marketing of the EDP product types identified in the response to ¶¶ 4l through 4o above.

With respect to the importance of the subpoenaed information, the Government asserts that Memorex is a major peripherals manufacturer and, in fact, is one of the few manufacturers that has tried to enter the systems market. Plaintiff concludes that, accordingly, the requested data is important both to evidence market data concerning the peripherals aspects of plaintiff's case and to differentiate market segments within the electronic digital computer industry.

Memorex's opposition to this motion may be summarized as follows. First, Memorex claims that it does not have product line profit and loss statements and therefore could not have produced such statements in response to the subpoena. Since Memorex argues that such product line profit and loss statements are the documents called for by Paragraph 7, it concludes that its failure to produce such documents was not a failure to comply with the subpoena. Second Memorex argues that "with respect to the alternative [3] proposed by the motion, it would subject Memorex to an unreasonable burden in time and expense, to grant plaintiff's request for an order that Memorex produce all of its books and records, which books and records were not previously subpoenaed, to allow the plaintiff to produce doubtful extrapolations from such books and records." Memorandum of Memorex Corp. in Opposition to Motion by Plaintiff at 1 (hereinafter Opposition Memo).

■ With respect to the first argument raised by Memorex, the clear language of Paragraph 7 indicates that Memorex indeed has failed to comply with the subpoena. Paragraph 7 seeks such *documents* as will show profit and loss in the maximum detail possible. It is unreasonable to interpret such language as calling for the production of particular profit and loss *statements* only. Of course, where such statements exist which summarize the requested data, they too should be submitted.[4] In any event, the absence of such statements does not excuse the production of the underlying records which would provide the requested information. In response to the query whether there are any business records of Memorex from which product profit and loss information could be extrapolated, Mr. Phillippe stated, "It is possible, the base data is there to do it." Plaintiff's Exhibit A at 3. This exchange indicates that Memorex failed to produce existing documents which were called for by Paragraph 7.[5] In short, Memorex failed to comply with the subpoena duces tecum.

With regard to the second argument raised by Memorex, the Court interprets this as a claim that compliance with Paragraph 7 would be unduly burdensome in time and expense.[6] This objec-

---

3. Memorex misconstrues the Government's language. The "alternative" proposed by plaintiff differs from its request for compliance only to the extent that plaintiff will accept, in lieu of the production of documents called for by the subpoena, access to those documents at the facilities of Memorex for the purposes of inspection and copying. Both alternatives seek the same documents.

4. Edward J. Phillippe, the vice-president and comptroller of Memorex, testified that Memorex did compute profit figures on individual products in "the 1960's", although he stated that that practice was discontinued when Memorex entered the equipment business, which apparently was in 1968. Since Paragraph 7 refers to the years 1960 through 1972, such documents which reflect those prof-

it and loss figures should have been produced if the figures provided information responsive to Paragraph 7.

5. This conclusion is sufficient to dispose of Memorex's objection to plaintiff's reliance on Fed.R.Civ.P. "37(2)" and 45(d) on the ground that, according to Memorex, "they relate only to situations in which existing documents were not produced after being called for by a subpoena." Opposition Memo at 2.

6. Memorex neither moved prior to the date set for compliance to quash or modify the subpoena pursuant to Rule 45(b) nor has it moved for a protective order pursuant to the provisions of Rule 26(c) as contemplated by Rule 45(d)(1). Nevertheless, in view of the confusion engendered by Memorex's asserted erroneous belief that Paragraph 7 called for

tion, however, is without merit. First Paragraph 7 does not seek "all" of Memorex's records and papers as Memorex contends, but only those which relate to profit and loss figures for the categories listed in the subpoena and only for the years 1960 through 1972. Moreover, Mr. Phillippe's testimony at the Memorex deposition precludes the objection Memorex now makes. When the Government stated its request that Memorex produce the basic data from which product profit and loss information could be extrapolated, Mr. Phillippe replied that "that would take several days or weeks to do just in itself." Plaintiff's Exhibit A at 3. In the context of this case, it hardly can be said that compliance which may be effected in a matter of several days or even weeks would be unreasonably burdensome and expensive. *See, e. g.,* U. S. v. American Optical Co., 39 F.R.D. 580, 586–587 (N.D. Cal.1966); Alexander's Dept. Stores, Inc. v. E. J. Korvette Inc., 198 F.Supp. 28, 29 (S.D.N.Y.1961); Pathe Labs, Inc. v. Du Pont Film Mfg. Corp., 3 F.R.D. 11, 14 (S.D.N.Y.1943); 8 & 9 C. Wright & A. Miller, Fed.Prac. & Proc.: Civ. §§ 2036, 2040, 2458 (1970, 1971).

In disposing of this motion, the Court has considered both the fact that discovery in antitrust litigation is most broadly permitted and "the burden or cost of providing the information sought is less weighty a consideration than in other cases," Maritime Cinema Service Corp. v. Movies En Route, Inc., 60 F.R.D. 587, 592 (S.D.N.Y.1973); *see also,* Westinghouse Elec. Corp. v. City of Burlington, Vt., 351 F.2d 762, 767 (D.C.Cir. 1965), as well as the principle that "inconvenience to third parties may be outweighed by the public interest in seeking the truth in every litigated

documents which it believed did not exist, and the fact that plaintiff and Memorex were engaged in pre-deposition negotiations aimed at establishing alternative methods for obtaining the requested information through the production of documents which would not be in strict compliance with the requirements of the sub-

case." Covey Oil Co. v. Continental Oil Co., 340 F.2d 993, 999 (10th Cir.), cert. denied, 380 U.S. 964, 85 S.Ct. 1110, 14 L.Ed.2d 155 (1965). In view of the size and significance of the antitrust case in aid of which this information is sought and plaintiff's assertions with respect to the importance of the requested data, the above-quoted testimony on behalf of Memorex fails to support an attempt to restrict the free access to information envisioned by Rule 45.

Plaintiff's motion to compel compliance with Paragraph 7 of the Schedule of Documents demanded by the plaintiff in the subpoena duces tecum dated the 8th day of March, 1974 is granted.

So ordered.

poena, the Court has not further considered disposing of Memorex's objections to this motion on the ground that they are time-barred. *See* Celanese Corp. v. E. I. duPont de Nemours & Co., 58 F.R.D. 606, 609–610 (D. Del.1973).