**WOLVERINE SHOE & TANNING COR-
PORATION, Plaintiff,**

v.

**ALDENS, INC., Defendant.**

**Civ. A. No. 4644.**

United States District Court
W. D. Michigan, S. D.

July 24, 1964.

Price & Heneveld, Everett L. Hui-
zenga, Grand Rapids, Mich., of counsel,
for plaintiff.

Varnum, Riddering, Wierengo &
Christenson, Robert Eleveld, Grand
Rapids, Mich., Bair, Freeman & Moli-
nare, Norman Lettvin, Chicago, Ill., for
defendant.

FOX, District Judge.

This is an action for infringement of
plaintiff's registered trademark covering
"breathin', brushed pigskin," arising out
of defendant's exact, literal usage of
plaintiff's registered trademark in asso-
ciation with identical goods.

The defendant objects to an interroga-
tory directed to it by the plaintiff in
which it is requested that the defendant
state the number of pairs of shoes sold
from the Aldens flyer complained of in
the action. More specifically, the defend-
ant objects to answering plaintiff's inter-
rogatory on the grounds that the inter-
rogatory is premature, and the informa-
tion sought normally is produced at an
accounting only after a trial court has
first established liability.

Plaintiff, on the other hand, seeks to
remedy the damage to its trademark re-
sulting from the defendant's alleged in-
fringement. The defendant asserts in
Paragraph 15 of its answer that prior to
the filing of the complaint, the plaintiff
was specifically advised by letter of No-
vember 18, 1963 from the defendant that
the said defendant's flyer had expired
and that whatever wording plaintiff ob-
jected to would not be used in the future.

Defendant further alleges in the same
paragraph that despite the foregoing

knowledge, plaintiff had deliberately pleaded to the contrary, for the purpose, it is believed, of misleading the court.

The defendant also filed a counterclaim with two counts, in Count II of which it alleges upon information and belief that this lawsuit was filed by the plaintiff for the purpose of creating an "in terrorem populi" ("to the terror of the people", translation) condition in the portion of the shoe industry involving shoes made of brushed pigskin, and with the intent of making an "example" of defendant to the trade, for the purpose of maintaining plaintiff's dominant market position in brushed pigskin shoes.

■ That the defendant can be compelled to answer the interrogatory at the discretion of the trial court is a fundamental principle of the discovery process under the Federal Rules, and the discretion of the trial court may be understood to include that "latitude of decision within which a court or judge decides questions arising in a particular case according to the circumstances and according to the judgment of the court or judge not expressly controlled by fixed rules of law." (Webster's New International Dictionary, 2d Ed.).

■ Although information of the kind requested by the plaintiff in its single interrogatory is ordinarily not granted until there has been a determination of the defendant's liability, the nature of this case is such that the answer to this single interrogatory could, conceivably, end the suit. Indeed, plaintiff in its brief in answer to the defendant's objections to plaintiff's interrogatory, and in oral argument on the motion, has conceded that if the number of shoes sold by the defendant is not excessive, then damage to the plaintiff is not great and continuance of the action is neither necessary nor justifiable because of the costs involved.

In the case of Fox v. House, 29 F.Supp. 673 (D.C.E.D.Okl., 1939), decided shortly after the adoption of the Federal Rules of Civil Procedure, the court set forth a clear statement of the spirit which should underlie the process of discovery under those rules.

"One of the purposes of the rules of discovery [said the court] is to enable any party to obtain information, as well as evidence, that will aid in preparation for trial. Preparation for trial means preparation on all phases of the case. If there is to be a *speedy* disposition of the case this preparation should begin in the early stages and should not be by piecemeal. Although in an accounting action the court must first determine that plaintiffs are entitled to an accounting there is no reason why the proceedings should stop to enable the parties to prepare for the actual accounting. Neither is there any good reason why a plaintiff should be deprived of otherwise available information on the accounting feature until the right has been established. He should be permitted to ascertain if an accounting would be worthwhile. *It would avail him but little to establish his right and then discover that his work and victory has no reward.* The work of the court would be wasted if after the right to an accounting has been decreed, the plaintiff discovered that the actual accounting would be fruitless and would then ask to dismiss the proceeding or permit it to go by default." (Emphasis supplied.)

There is no evidence that this interrogatory from the plaintiff is an attempt to annoy or oppress the defendant, and the limited scope of the interrogatory, both as to subject matter and period of time covered, does not appear to seek information which would be advantageous to plaintiff from a business standpoint.

Since the answer to the interrogatory does not impose unduly upon defendant, since the answer is important for plaintiff's determination of whether or not to continue the action, and since it has been

alleged by the defendant that the plaintiff in its pleadings has attempted to mislead the court and to create an "in terrorem populi" ("to the terror of the people", translation), condition in the shoe industry, it is important that the parties, as well as the court, have before them the answer to this single interrogatory, in order that plaintiff may determine whether or not to continue this suit, and the court may decide whether or not it has been misled by the allegations of the parties. There can be no useful purpose served, therefore, in delaying an answer until the question of liability is settled.

The defendant's objection to the interrogatory is overruled and it is hereby directed to answer, and plaintiff is hereby ORDERED to inform both the defendant and the court within three weeks after it receives the answer to its single interrogatory whether it intends to proceed further with the case.