THE ATTORNEY GENERAL HAS RECEIVED YOUR LETTER ASKING, IN EFFECT, THE FOLLOWING QUESTION:
 MAY THE BOARD OF GOVERNORS OF REGISTERED DENTISTS (THE "DENTAL BOARD") CEASE THE ISSUANCE OF TEMPORARY CERTIFICATES OF ABILITY TO PRACTICE DENTAL HYGIENE ON THE BASIS THAT THE PUBLIC MAY BE AT RISK IF THE INDIVIDUAL FAILS TO MEET MINIMUM STANDARDS FOR DENTAL CARE?
YOU HAVE EXPLAINED IN A LETTER ACCOMPANYING YOUR OPINION REQUEST THAT, FOR THE PAST 12 YEARS, THE DENTAL BOARD HAS ISSUED TEMPORARY CERTIFICATES OF ABILITY TO PRACTICE DENTAL HYGIENE TO INDIVIDUALS WHO ARE LICENSED TO PRACTICE DENTAL HYGIENE IN OTHER STATES. YOU REPORT THAT, RECENTLY, SEVERAL INDIVIDUALS WHO HAVE BEEN ISSUED SUCH TEMPORARY PERMITS HAVE SUBSEQUENTLY FAILED TO PASS THE OKLAHOMA DENTAL HYGIENE EXAM. YOU NOTE THAT THE BOARD IS CONCERNED THAT, BY ALLOWING THESE INDIVIDUALS TO PRACTICE DENTAL HYGIENE ON THE BASIS OF THESE TEMPORARY PERMITS, THE BOARD MAY HAVE AUTHORIZED DENTAL HYGIENE PRACTICE IN OKLAHOMA THAT IS INCONSISTENT WITH THE MINIMUM STANDARDS OF CARE FOR ALL HYGIENISTS PRACTICING IN THE STATE. AS I UNDERSTAND YOUR QUESTION, YOU WANT TO KNOW WHETHER THE DENTAL BOARD MAY ADOPT A GENERAL POLICY OF REFUSING TO ISSUE SUCH TEMPORARY PERMITS AND REQUIRE THE PASSING OF THE OKLAHOMA DENTAL HYGIENE EXAMINATION AS A CONDITION FOR DENTAL HYGIENE PRACTICE.
SINCE YOUR QUESTION CAN BE ANSWERED BY REFERENCE TO THE PROVISIONS OF THE STATE DENTAL ACT, 59 O.S. 328.1 (1991), ET SEQ., THIS OFFICE HAS DETERMINED THAT IT MAY BE ANSWERED BY MEANS OF AN INFORMAL OPINION. YOU SHOULD UNDERSTAND THAT WHAT FOLLOWS IS THE OPINION OF THE UNDERSIGNED AND DOES NOT CONSTITUTE AN OFFICIAL OPINION OF THE ATTORNEY GENERAL HERSELF.
AS YOU HAVE INDICATED, CONSIDERATION OF YOUR QUESTION REQUIRES AN EXAMINATION OF 59 O.S. 328.25. THAT STATUTE PROVIDES:
 "THE BOARD MAY, AT ITS DISCRETION, ISSUE A TEMPORARY CERTIFICATE OF ABILITY TO PRACTICE DENTAL HYGIENE, WHICH WOULD NOT EXCEED TWELVE (12) MONTHS, AND BE VALID ONLY UP TO THE DATE OF NEXT EXAMINATION FOR CERTIFICATE OF ABILITY TO PRACTICE DENTAL HYGIENE, TO A DENTAL HYGIENIST WHO IS A MEMBER IN GOOD STANDING OF THE AMERICAN DENTAL HYGIENE ASSOCIATION, AND UPON THE PRESENTATION OF THE CERTIFICATE OF THE BOARD OF DENTAL EXAMINERS OR A LIKE ORGANIZATION OF THE STATE OR TERRITORY IN WHICH SAID DENTAL HYGIENIST IS A PRACTITIONER, OR LIKE CERTIFICATE FROM AN APPROVED SCHOOL OF DENTAL HYGIENE, CERTIFYING TO THE APPLICANT'S COMPETENCY AND GOOD CHARACTER, AND UPON THE PAYMENT OF A FEE TO BE FIXED ANNUALLY BY THE BOARD OF GOVERNORS, NOT TO EXCEED ONE HUNDRED DOLLARS ($100.00). THE ISSUANCE OF A TEMPORARY CERTIFICATE GIVES SAID DENTAL HYGIENIST THE SAME RIGHTS AND PRIVILEGES AS A PERMANENT CERTIFICATE, THEREFORE THE ANNUAL FEES AND OTHER REGISTRATION RESPONSIBILITIES WILL BE THE SAME AS ONE WHO HOLDS A PERMANENT CERTIFICATE TO PRACTICE DENTAL HYGIENE; SAID DENTAL HYGIENIST WILL BE LIABLE AND GOVERNED BY ALL RULES AND REGULATIONS AS ONE WHO HOLDS A PERMANENT CERTIFICATE OF ABILITY TO PRACTICE DENTAL HYGIENE." 59 O.S. 328.25 THUS ESTABLISHES THE ISSUANCE OF TEMPORARY CERTIFICATES OF ABILITY TO PRACTICE DENTAL HYGIENE AS A DISCRETIONARY DECISION ON THE PART OF THE DENTAL BOARD. AS A GENERAL RULE, THE TERM "DISCRETION" DENOTES THE ABSENCE OF A FIXED RULE AND THE CONSIDERATION OF ISSUES ON AN INDIVIDUAL, CASE-BY-CASE BASIS. TRUNK V. HERTZ CORP., 200 N.E.2D 894, 896 (OHIO APP. 1964); WOLVERINE SHOE AND TANNING CORP. V. ALDEN'S. INC., 35 F.R.D. 342, 343 (W.D. MICH. 1964). IN MY OPINION, ADOPTION OF A GENERAL POLICY OF CEASING TO ISSUE TEMPORARY DENTAL HYGIENE PERMITS WOULD BE INCONSISTENT WITH THE EXERCISE OF THE STATUTORILY MANDATED DISCRETION BY THE DENTAL BOARD.
MOREOVER, IN AN ANALOGOUS SITUATION, A NEW YORK COURT HAS DETERMINED THAT AN ADMINISTRATIVE AGENCY MAY NOT ADOPT A GENERAL POLICY REGARDING LICENSES WHEN A STATUTE REQUIRES DISCRETION. IN APPLICATION OF FRAZZIA, 147 N.Y.S.2D 11 (N.Y. APP. 1955), A COMMISSIONER OF MOTOR VEHICLES REVOKED A CHAUFFEUR'S LICENSE ON THE BASIS OF A CONVICTION FOR RECKLESS DRIVING. THE RELEVANT STATUTE REQUIRED THE COMMISSIONER TO EXERCISE DISCRETION. THE COURT HELD THAT THE COMMISSIONER COULD NOT AUTOMATICALLY REVOKE A CHAUFFEUR'S LICENSE IN EVERY INSTANCE OF A RECKLESS DRIVING CONVICTION. THE COURT WROTE:
 "THERE ARE MANY INSTANCES IN WHICH THE SUPREME COURT AND OTHER COURTS ARE REQUIRED TO EXERCISE DISCRETION. ANY SUCH DETERMINATION HAS LONG BEEN RECOGNIZED AS REQUIRING THE ACTUAL EXERCISE OF JUDGMENT ON THE PART OF THE COURT. TO DO SO NECESSITATES A CONSIDERATION BY THE COURT OF THE FACTS AND CIRCUMSTANCES WHICH ARE NECESSARY TO MAKE A SOUND, FAIR AND JUST DETERMINATION. THE COURT IS NOT PERMITTED TO ARBITRARILY ESTABLISH A FIXED POLICY TO GOVERN EVERY CASE AS THAT IS THE EXACT ANTITHESIS OF DISCRETION. UNDER OUR PRESENT ADMINISTRATIVE SYSTEM, THERE ARE MANY MATTERS WHICH MUST, OF NECESSITY, BECAUSE OF THE VOLUME, BE DELEGATED BY THE LEGISLATURE TO BE HANDLED BY NUMEROUS COMMISSIONS AND BUREAUS. AUTHORITY IS GRANTED TO THEM IN MANY ETC."
AS TO THE OKLAHOMA DENTAL BOARD, 59 O.S. 328.15 REQUIRES THE BOARD TO DETERMINE, ON A CASE BY CASE BASIS, WHETHER TO ISSUE PERMITS TO THOSE INDIVIDUALS WHO MEET THE STANDARDS SET FORTH THEREIN. I THEREFORE CONCLUDE THAT THE DENTAL BOARD MAY NOT CEASE TO ISSUE TEMPORARY CERTIFICATES OF ABILITY TO PRACTICE DENTAL HYGIENE. INSTEAD, PURSUANT TO THE STATUTORY DIRECTIVE, THE DENTAL BOARD SHOULD DETERMINE ON AN INDIVIDUAL BASIS WHETHER THE ISSUANCE OF TEMPORARY CERTIFICATES OF ABILITY TO PARTICULAR DENTAL HYGIENISTS IS WARRANTED.
(RABINDRANATH RAMANA)