ATTORNEY GENERAL LOVING HAS DIRECTED ME TO RESPOND TO YOUR REQUEST FOR AN INFORMAL OPINION REGARDING, IN EFFECT, THE FOLLOWING QUESTION: MAY THE USED MOTOR VEHICLE COMMISSION ADOPT A GENERAL POLICY OF DENYING LICENSES TO APPLICANTS WHOSE INTENT IS TO CONDUCT A SALE OF USED MOTOR VEHICLES FOR A LIMITED PERIOD OF TIME AT A SPECIFIED LOCATION, EXCEPTING FROM THIS POLICY ONLY COLLECTOR CAR AUCTIONS?
BECAUSE YOUR REQUEST IS FOR AN INFORMAL OPINION, THE DISCUSSION WHICH FOLLOWS IS BASED UPON THE ANALYSIS AND CONCLUSIONS OF THE UNDERSIGNED AND IS NOT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL.
TITLE 47 O.S. 584 (1991) GOVERNS THE COMMISSION'S AUTHORITY TO GRANT OR DENY A LICENSE TO AN APPLICANT. IT STATES, IN PERTINENT PART:
 "A. THE COMMISSION MAY DENY AN APPLICATION FOR A LICENSE . . . FOR ANY OF THE FOLLOWING REASONS:"
(EMPHASIS ADDED.) 47 O.S. 584(A) STATES THAT THE COMMISSION _ Y DENY A LICENSE UNDER CERTAIN NAMED CONDITIONS. THIS IS IN CONTRAST TO THE SUBSEQUENT PARAGRAPH, 584(B), DEALING WITH MANUFACTURED HOME DEALERS, WHICH STATES IN PERTINENT PART:
 "THE COMMISSION SHALL DENY AN APPLICATION FOR A LICENSE, OR REVOKE OR SUSPEND A LICENSE AFTER IT HAS BEEN GRANTED, IF A MANUFACTURED HOME DEALER DOES NOT MEET THE FOLLOWING GUIDELINES AND RESTRICTIONS:"
(EMPHASIS ADDED.)
IN THE CONSTRUCTION OF STATUTES, "SHALL" IS USUALLY GIVEN ITS COMMON MEANING OF "MUST." THE WORD "SHALL" IS INTERPRETED AS EMPLOYING A COMMAND OR MANDATE WHILE "MAY" GENERALLY MEANS PERMISSION OR ABILITY. ASSOC. OF CLASSROOM TEACHERS OF OKLAHOMA CITY INC. V. INDEPENDENT SCHOOL DIST. NO. 89 OF OKLAHOMA CO., 540 P.2D 1171 (OKLA. 1975); SNEED V. SNEED, 585 P.2D 1363 (OKLA. 1978). THEREFORE, THE LEGISLATURE, BY USE OF THE WORD "MAY", CREATED A CLEAR DISTINCTION BETWEEN THE REQUIREMENTS IN 584(A) AND THOSE IN 584(B), WHERE IT USED THE WORD "SHALL". THIS SHOWS A RECOGNITION BY THE LEGISLATURE OF DIFFERENCES BETWEEN USED MOTOR VEHICLE SALES AND MANUFACTURED HOME SALES. THE USE OF THE WORD "MAY" IN 584(A) INDICATES THE LEGISLATURE'S INTENT THAT GRANT OR DENIAL OF LICENSES FOR USED MOTOR VEHICLE DEALERS IS A DISCRETIONARY DECISION ON THE PART OF THE COMMISSION.
AS A GENERAL RULE, DISCRETION DENOTES THE ABSENCE OF A FIXED RULE AND THE CONSIDERATION OF ISSUES ON AN INDIVIDUAL, CASE-BY-CASE BASIS. TRUNK V. HERTZ CORP., 200 N.E.2D 894, 896 (OHIO APP.1964); WOLVERINE SHOE AND TANNING CORP. V. ALDEN'S. INC., 35 F.R.D. 342, 343 (W.D.MICH.1964). IN MY OPINION, ADOPTION OF A GENERAL POLICY OF DENYING ALL APPLICATIONS FOR TEMPORARY SALES WOULD BE INCONSISTENT WITH THE EXERCISE OF THE STATUTORILY MANDATED DISCRETION BY THE COMMISSION. SEE TURNPIKE AMUSEMENT PARK INC. V. LICENSING COMMISSION OF CAMBRIDGE, 179 N.E.2D 322, 324 (MASS.1962) (STATUTE PROVIDING THAT COMMISSION "MAY" GRANT, SUSPEND OR REVOKE LICENSES DOES NOT AUTHORIZE COMMISSION TO ADOPT A GENERAL POLICY OF SUSPENDING LICENSES; INSTEAD, LICENSES MUST BE CONSIDERED ON A CASE-BY-CASE BASIS). THE APPLICATION AS A WHOLE SHOULD BE REVIEWED FULLY AND A LICENSE GRANTED OR DENIED BASED ON ALL RELEVANT CIRCUMSTANCES SURROUNDING THE APPLICATION, NOT SIMPLY ON THE FACT THE APPLICATION IS FOR A TEMPORARY SALE. IF THE COMMISSION SIMPLY DENIED A LICENSE BECAUSE IT WAS AN APPLICATION FOR A TEMPORARY SALE, THE DENIAL COULD CERTAINLY APPEAR ARBITRARY AND BE CHALLENGED AS SUCH.
MOREOVER, SINCE ITS INCEPTION IN 1981, THE COMMISSION HAS ISSUED LICENSES TO APPLICANTS WHOSE INTENT WAS TO CONDUCT A SALE OF USED MOTOR VEHICLES AT A SPECIFIED LOCATION FOR A LIMITED TIME. IT IS ONLY RECENTLY THAT THE COMMISSION HAS SOUGHT TO REVERSE THAT POLICY. HOWEVER, CONTINUAL CONSTRUCTION OF A STATUTE BY THE AGENCY CHARGED TO ENFORCE IT MUST BE GIVEN GREAT WEIGHT. UNITED AIRLINES. INC. V. STATE BD. OF EQUALIZATION, 789 P.2D 1305 (OKLA. 1991). THEREFORE, IT WOULD BE IMPRUDENT FOR THE COMMISSION TO REVERSE ITSELF ABSENT STRONG JUSTIFICATION, SUCH AS HARM TO THE PUBLIC, FOR DOING SO.
YOU HAVE ALSO REQUESTED SOME GUIDANCE FOR THE COMMISSION IN EVALUATING APPLICATIONS FOR SALES OF LIMITED DURATION AS REFERENCED IN YOUR QUESTION ("TEMPORARY SALES"). IF THERE IS NO GENERAL POLICY TO CATEGORICALLY DENY THEM, THEN WHAT IS THE CRITERIA TO BE USED TO DETERMINE WHEN AND IF SUCH LICENSES SHOULD BE GRANTED?
THE FUNDAMENTAL RULE OF STATUTORY CONSTRUCTION IS TO ASCERTAIN AND, IF POSSIBLE, GIVE EFFECT TO THE INTENTION AND PURPOSE OF THE LEGISLATURE AS EXPRESSED IN THE STATUTE. JACKSON V. INDEPENDENT SCHOOL DIST. NO. 16 OF PAYNE COUNTY, 648 P.2D 26 (OKL.CR.1982). STATUTES DEALING WITH THE SAME GENERAL SUBJECT SHOULD BE CONSTRUED TOGETHER IN ORDER TO ARRIVE AT THE LEGISLATIVE INTENT IN ANY PARTICULAR SECTION. TWA V. MCKINLEY, 749 P.2D 108 (OKLA. 1988). BECAUSE THE ACT DOES NOT DEAL WITH TEMPORARY SALES SPECIFICALLY, WE MUST LOOK AT THE ACT IN ITS ENTIRETY TO DETERMINE ON WHAT BASIS THE COMMISSION MAY DENY OR GRANT A LICENSE TO A TEMPORARY SELLER.
FROM READING THE USED MOTOR VEHICLE ACT AS A WHOLE, ONE CAN DISCERN THAT ONE OF THE PURPOSES OF THE ACT IS TO PROTECT CONSUMERS FROM IRRESPONSIBLE, FLY-BY-NIGHT DEALERS AND SALESMEN. THUS, AN APPLICANT MUST PRESENT A GREAT DEAL OF INFORMATION TO THE COMMISSION TO SHOW FITNESS TO RECEIVE THE LICENSE APPLIED FOR INFORMATION RELATING TO FINANCIAL STANDING, BUSINESS INTEGRITY, ABILITY TO PROPERLY CONDUCT THE BUSINESS, WHETHER THE APPLICANT HAS AN ESTABLISHED PLACE OF BUSINESS AND IS ENGAGED IN THE BUSINESS FOR WHICH A LICENSE IS APPLIED FOR, AND "OTHER PERTINENT INFORMATION CONSISTENT WITH THE SAFEGUARDING OF THE PUBLIC INTEREST AND THE PUBLIC WELFARE." 47 O.S. 583(B)(1) (1992). ALL OF THESE ARE FACTORS TO BE CONSIDERED BY THE COMMISSION IN GRANTING ANY LICENSE.
ALSO, THE FIRST PORTION OF THE ACT WHICH HAS SOME RELEVANCE IS 582(E)(2)(B), AS AMENDED BY HOUSE BILL 1292. IT SAYS:
 "2. AMONG THE COMMISSION'S POWERS AND DUTIES SHALL BE INCLUDED, BUT NOT LIMITED TO, THE FOLLOWING:
 B. INSPECT USED MOTOR VEHICLE DEALER AND MANUFACTURED HOME DEALER LOCATIONS TO ENSURE THAT THEY ARE IN AN APPROVED LOCATION, MEET LOCAL ZONING OR OTHER MUNICIPAL REQUIREMENTS, AND HAVE SUFFICIENT FACILITIES WHICH SHALL INCLUDE, BUT NOT BE LIMITED TO, A BUSINESS SIGN, A LISTED AND USABLE TELEPHONE NUMBER, A RESTROOM AND A SALES OFFICE (.)"
ACCORDING TO THIS STATUTE, THE COMMISSION HAS A DUTY TO ENSURE THAT ANY LOCATION TO BE USED FOR SALES MEETS THESE CRITERIA.
ANOTHER RELEVANT STATUTE IS 47 O.S. 584(A), WHICH HAS BEEN QUOTED IN PART, AND WHICH FURTHER STATES:
 "THE COMMISSION MAY DENY AN APPLICATION FOR A LICENSE . . . FOR ANY OF THE FOLLOWING REASONS:
7. BEING A USED MOTOR VEHICLE DEALER WHO:
A. DOES NOT HAVE AN ESTABLISHED PLACE OF BUSINESS (.)"
WHILE THE STATUTES GOVERNING THE COMMISSION DO NOT DEFINE AN "ESTABLISHED PLACE OF BUSINESS", RULE 765:10-1-3 OF THE RULES REGULATING THE COMMISSION STATES IN PERTINENT PART:
 "(A) AN APPLICANT MUST HAVE AN ESTABLISHED PLACE OF BUSINESS. AN ESTABLISHED PLACE OF BUSINESS MEANS A LOCATION WHICH INCLUDES AT A MINIMUM:
 (4) AN OFFICE WHICH IS A BUILDING OR IS A SEPARATE ROOM WITHIN A BUILDING ON THE PREMISES THAT IS CONSIDERED A PERMANENT STRUCTURE WITH ACCESS TO A RESTROOM FOR THE PUBLIC. SUCH PLACE OF BUSINESS SHALL NOT INCLUDE AN OCCUPIED RESIDENCE AND SHALL NOT INCLUDE THE USE OF VACANT LOTS, TENTS, TEMPORARY STANDS, OR OTHER TEMPORARY OFFICE FACILITIES.
COMMISSION RULE 765.10-1-3(5) FURTHER REQUIRES THAT THE BUSINESS "SHALL BE REGULARLY OCCUPIED BY A PERSON, FIRM, OR CORPORATION ENGAGED IN THE BUSINESS OF SELLING USED MOTOR VEHICLES". HOWEVER, THE STATUTES GOVERNING USED MOTOR VEHICLES DO NOT MAKE SUCH PERMANENT OCCUPATION OF THE BUSINESS A REQUIREMENT FOR THE GRANTING OF A LICENSE. IT APPEARS THE LEGISLATURE'S OMISSION OF THIS REQUIREMENT IN THE STATUTES WAS PURPOSEFUL, AS THE LEGISLATURE KNEW HOW TO MAKE SUCH A REQUIREMENT IF IT CHOSE TO DO SO. MANUFACTURED HOME DEALERS ARE REQUIRED TO HAVE A PLACE OF BUSINESS THAT "SHALL BE REGULARLY OCCUPIED BY A PERSON, FIRM, OR CORPORATION ENGAGED IN THE BUSINESS OF SELLING MOBILE HOMES." 47 O.S. 584(B)(3). THERE IS NO SUCH REQUIREMENT IN THE STATUTE FOR USED MOTOR VEHICLE DEALERS. SUCH SILENCE BY THE LEGISLATURE, WHEN IT HAS AUTHORITY TO SPEAK, MAY BE CONSIDERED AS GIVING RISE TO AN IMPLICATION OF LEGISLATIVE INTENT. CITY OF DUNCAN V. BINGHAM, 394 P.2D 456 (OKLA. 1964). IT THUS APPEARS THAT THE LEGISLATURE INTENDED THAT THERE BE SOME LEEWAY IN EVALUATING LOCATIONS FOR USED MOTOR VEHICLE SALES.
THE COMMISSION SHOULD ALSO CONSIDER THE POSSIBILITY THAT COMMISSION RULE 765.10-1-3(5) IS INVALID AND SHOULD NOT BE RELIED UPON. BASED ON THE ABOVE ANALYSIS, IT APPEARS THAT THE RULE MAY BE BEYOND THE SCOPE OF THE COMMISSION'S AUTHORITY, AS THE RULE IS MORE RESTRICTIVE THAN THE STATUTES REGARDING THE REQUIREMENTS FOR AN ESTABLISHED PLACE OF BUSINESS. THEREFORE, THE COMMISSION SHOULD CONSIDER CHANGING THIS RULE IN THE FUTURE, AS IT MAY BE VOID. A STATE AGENCY HAS ONLY THE POWERS GRANTED BY THE STATUTES APPLICABLE TO IT AND THE AUTHORITY TO MAKE RULES TO CARRY OUT THOSE POWERS DOES NOT MEAN THAT AN AGENCY BY RULEMAKING CAN EXTEND ITS POWERS BEYOND THOSE GRANTED BY STATUTE. OKLAHOMA ALCOHOLIC BEVERAGE CONTROL BOARD V. MOSS, 509 P.2D 666, 668 (OKLA. 1973).
THERE IS NO STATUTORY PROHIBITION AGAINST TEMPORARY SALES. YOU HAVE GIVEN EXAMPLES OF SOME TEMPORARY SALES WHICH HAVE TAKEN PLACE IN THE PAST: WEEKEND SALES BY A CREDIT UNION AT THE CREDIT UNION LOCATION; SALES BY FRANCHISE DEALERS AT THE FAIRGROUNDS; THREE DAY COLLECTOR CAR SALES AT THE FAIRGROUNDS OR EXPO SQUARE. A LOCATION, SUCH AS A CREDIT UNION, COULD MEET THE STATUTORY GUIDELINES FOR AN APPROVED LOCATION AS WELL AS THE COMMISSION'S RULES FOR AN ESTABLISHED PLACE OF BUSINESS. THE STATUTES DO NOT SPECIFY THE AMOUNT OF TIME AN APPLICANT MUST REMAIN AT A PARTICULAR LOCATION AS A CONDITION OF LICENSING. WHETHER A PARTICULAR LOCATION MEETS THE APPLICABLE REQUIREMENTS IS A QUESTION OF FACT BASED ON ALL THE CIRCUMSTANCES REQUIRED TO BE TAKEN INTO CONSIDERATION.
IN CONCLUSION, THE GRANTING OR DENYING OF A LICENSE IS DISCRETIONARY WITH THE COMMISSION AND MUST BE DONE ON A CASE-BY-CASE BASIS. IN REVIEWING ANY APPLICATION FOR A LICENSE, THE COMMISSION MUST LOOK AT ALL THE FACTORS SET FORTH IN THE ACT. ITS GOAL MUST BE TO SAFEGUARD THE PUBLIC INTEREST AND THE PUBLIC WELFARE. WHETHER A PARTICULAR TEMPORARY SALE AT A SPECIFIED LOCATION MEETS THAT GOAL IS A MATTER WITHIN THE COMMISSION'S DISCRETION TO DECIDE. HOWEVER, THE COMMISSION WHILE EXERCISING ITS DISCRETION MUST BE CAUTIOUS TO ACT REASONABLY, CONSIDERING ALL THE FACTS AND CIRCUMSTANCES IN LIGHT OF FACTORS SET FORTH IN THE STATUTES.
(DIANE L. SLAYTON)